**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| W. Thomas Small, Jr., | Case No. 13-2654-SHM |
| Plaintiff, | Judge Samuel H. Mays, Jr. |
| v. | Magistrate Judge Charmiane G. Claxton |
| RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF FUND DEFENDANTS'
MOTION TO DISMISS COMPLAINT**

PAUL HASTINGS LLP
Kevin C. Logue
Kevin P. Broughel
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants
Helios Advantage Income Fund, Inc., Helios
High Income Fund, Inc., Helios Multi-Sector
High Income Fund, Inc., and Helios
Strategic Income Fund, Inc. (formerly RMK
Advantage Income Fund, Inc., RMK High
Income Fund, Inc., RMK Multi-Sector High
Income Fund, Inc., and RMK Strategic
Income Fund, Inc., respectively)*

LEGAL_US_E # 107010345.1

# <u>TABLE OF CONTENTS</u>

**Page**

ARGUMENT ..................................................................................................... 1

I.  PLAINTIFF'S CLAIMS ARE TIME-BARRED AS AGAINST ALL FUND
    DEFENDANTS ............................................................................................ 1

    A.  All Claims are Barred by the Statutes of Repose .................................. 2

    B.  The Claims are also Barred by the Statutes of Limitations ................... 4

II. PLAINTIFF'S CLAIMS ARE DERIVATIVE IN NATURE AND MAY NOT BE
    ASSERTED DIRECTLY BY PLAINTIFF ................................................. 5

III. PLAINTIFF'S SECTION 10(B) AND RULE 10B-5 CLAIM (COUNT IV)
     SHOULD BE DISMISSED AS AGAINST ALL FUND DEFENDANTS ..................... 6

    A.  Plaintiff Fails to Plead Scienter with Requisite Particularity as to Fund
        Defendants ........................................................................................... 7

    B.  Plaintiff Fails to Plead Reliance with Requisite Particularity as to Fund
        Defendants ......................................................................................... 11

    C.  Plaintiff Fails to Plead Loss Causation with Requisite Particularity as to
        Fund Defendants ................................................................................. 12

    D.  Plaintiff Fails to Plead Material Misrepresentations or Omissions with
        Requisite Particularity as to Fund Defendants .................................... 14

IV. PLAINTIFF'S SECTION 11 CLAIM (COUNT I) SHOULD BE DISMISSED AS
    AGAINST DEFENDANT RMK MULTI-SECTOR .................................... 14

V.  PLAINTIFF'S SECTION 12(A)(2) CLAIM (COUNT II) SHOULD BE
    DISMISSED AS AGAINST RMK MULTI-SECTOR ................................ 16

VI. PLAINTIFF'S MISSISSIPPI SECURITIES ACT CLAIM (COUNT VIII)
    SHOULD BE DISMISSED AS AGAINST FUND DEFENDANTS ............ 17

VII. PLAINTIFF'S CLAIMS UNDER THE MISSISSIPPI AND TENNESSEE
     SECURITIES ACTS FAIL TO SATISFY THE REQUIREMENTS OF THE
     PSLRA AND RULE 9(B) ........................................................................... 17

    CONCLUSION ............................................................................................. 18

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adams v. Kinder-Morgan, Inc.*,
  340 F.3d 1083 (10th Cir. 2003) ................................................................................8

*In re Am. Mut. Funds Fee Litig.*,
  No. CV 04-5593-GAFRNBX, 2005 WL 3989803 (C.D. Cal. Dec. 16, 2005) .......... 5

*Am. Pipe & Constr. Co. v. Utah*,
  414 U.S. 538 (1974) ..................................................................................................3

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ..................................................................................................7

*Azzolini v. CorTS Trust II*,
  2005 WL 3448053 (E.D. Tenn. Dec. 14, 2005) ...................................................... 15

*In re Bridgestone Sec. Litig.*,
  430 F. Supp. 2d 728 (M.D. Tenn. 2006) ..................................................................9

*Casden v. Burns*,
  306 F. App'x 966 (6th Cir. 2009) .............................................................................5

*In re Charles Schwab Corp. Sec. Litig.*,
  No. C 08-01510, 2009 U.S. Dist. LEXIS 44859 (N.D. Cal. May 15, 2009) ........... 6

*In re CMS Energy Secs. Litig.*,
  236 F.R.D. 338 (E.D. Mich. 2006) ...........................................................................6

*In re Comshare, Inc. Sec. Litig.*,
  183 F.3d 542 (6th Cir. 1999) ....................................................................................7

*D.E.&J. Ltd. P'ship v. Conaway*,
  133 Fed. App'x 994 (6th Cir. 2005) ....................................................................... 13

*Dura Pharm., Inc. v. Broudo*,
  544 U.S. 336 (2005) ........................................................................................ 12, 13

*In re Estate of Davis*,
  308 S.W.3d 832 (Tenn. 2010) ..................................................................................2

*Fed. Hous. Fin. Agency v. UBS Americas, Inc.*,
  No. 11 Civ. 5201 (DLC), 2013 WL 3284118 (S.D.N.Y. June 28, 2013) ............... 14

*Frank v. Dana Corp.*,
No. 09-4233, 2011 WL 2020717 (6th Cir. May 25, 2011)......................................................8

*Gustafson v. Alloyd Co., Inc.*,
513 U.S. 561 (1995)..............................................................................................................16

*Hensley Mfg., Inc. v. Prop Pride, Inc.*,
579 F.3d 603 (6th Cir. 2009) .................................................................................................7

*Hutton v. Deutsche Bank AG*,
541 F. Supp. 2d 1166 (D. Kan. 2008).....................................................................................5

*Janus Capital Grp., Inc. v. First Derivative Traders*,
131 S.Ct. 2296 (2011)......................................................................................................10, 11

*La Pietra v. RREEF Am., LLC*,
738 F. Supp. 2d 432 (S.D.N.Y. 2010)...................................................................................14

*Lentell v. Merrill Lynch & Co.*,
396 F.3d 161 (2d Cir. 2005).................................................................................................14

*Lormand v. U.S. Unwired, Inc.*,
565 F.3d 228 (5th Cir. 2009) ...............................................................................................12

*Makor Issues & Rights, Ltd. v. Tellabs, Inc.*,
513 F.3d 702 (7th Cir. 2008) .................................................................................................8

*In re Mun. Morg. & Equity, LLC*,
876 F. Supp. 2d 616 (D. Md. 2012) ......................................................................................16

*Panter v. Marshall Field & Co.*,
646 F.2d 271 (7th Cir. 1981) .................................................................................................6

*Police & Fire Ret. Ses. v. Indymac MBS, Inc.*,
721 F.3d 95 (2d Cir. 2013)......................................................................................................3

*PR Diamonds, Inc. v. Chandler*,
364 F.3d 671 (6th Cir. 2004) .................................................................................................7

*Rauch v. Day & Night Mfg. Corp.*,
576 F.2d 697 (6th Cir. 1978) ...............................................................................................15

*In re Reciprocal of Am. (ROA) Sales Practices Litig.*,
Civil Action No. 04-2294, 2006 U.S. Dist. LEXIS 71808 (W.D. Tenn. July 6, 2006)...........11

*Santa Fe Indus., Inc. v. Green*,
430 U.S. 462 (1977)................................................................................................................5

*In re Schering-Plough Corp./Enhance Secs. Litig.*,
  No. 08-cv-397 (DMC), 2009 U.S. Dist. LEXIS 78852 (D. N.J. Aug. 31, 2009) ...................17

*Stoneridge In. Partners, LLC v. Scientific-Atlanta, Inc.*,
  552 U.S. 148 (2008).............................................................................................7, 11, 12

*Strougo v. Bassini*,
  282 F.3d 162 (2d Cir. 2002)...........................................................................................5

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007)............................................................................................ *passim*

*Thompson v. RelationServe Media, Inc.*,
  610 F.3d 628 (11th Cir. 2010) .......................................................................................8

*Walker v. Sunrise Pontiac-GMC Truck Inc.*,
  249 S.W.3d 301 (Tenn. 2008).......................................................................................4

*Yu v. St. Street Corp.*,
  686 F. Supp. 2d 369 (S.D.N.Y. 2010).........................................................................16

**Statutes**

15 U.S.C. § 77k ...................................................................................................... *passim*

15 U.S.C. § 77k(a) .......................................................................................................14

15 U.S.C. § 77*l*(a)(2)...................................................................................................3, 16

15 U.S.C. § 77m ........................................................................................................2, 3

15 U.S.C. § 78j(b) .................................................................................................. *passim*

15 U.S.C. § 78u-4 ..................................................................................................6, 7, 18

15 U.S.C. § 78u-4(b)(2) ............................................................................................7, 10

15 U.S.C. § 78u–4(b)(4) ..............................................................................................13

15 U.S.C. § 77*l*(a)(2)...........................................................................................1, 2, 16

17 C.F.R. § 240.10b-5 ....................................................................................................1

28 U.S.C. § 1658(b) .......................................................................................................2

Miss. Code Ann. § 75-71-509(j)(2) ...............................................................................2

Tenn. Code Ann. § 47-18-110 .......................................................................................2

Tenn. Code Ann. § 48-1-122(h)...................................................................................2

**Other Authorities**

Fed. R. Civ. P. 8(a)(2)................................................................................................7

Fed. R. Civ. P. 9(b) ...................................................................................................6

Fed. R. Civ. P. 12(b)(6).............................................................................................1

Martin Flumenbaum and Brad S. Karp, *Court Holds Securities Act Statute of Repose Not Tolled*, 250 N.Y.L.J., Aug. 2013 .......................................................................3

William A. Birthistle, *The Supreme Court's Theory of the Fund*, 37 J. Corp. L. 771 (Summer 2012) .....................................................................................................11

Defendants Helios Advantage Income Fund, Inc. (formerly RMK Advantage Income Fund, Inc.), Helios High Income Fund, Inc. (formerly RMK High Income Fund, Inc.), Helios Multi-Sector High Income Fund, Inc. (formerly RMK Multi-Sector High Income Fund, Inc.) ("RMK Multi-Sector"), and Helios Strategic Income Fund, Inc. (formerly RMK Strategic Income Fund, Inc.) (collectively, "Fund Defendants") respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's complaint filed on August 22, 2013 (ECF No. 1) (the "Complaint").

Plaintiff purports to assert two counts of his alleged federal securities claims against fund defendant RMK Multi-Sector only, and one count against the Fund Defendants generally. Specifically: (i) Count I purports to allege violations of Section 11 of the Securities Act of 1933 (the "1933 Act"), 15 U.S.C. § 77k, against RMK Multi-Sector; (ii) Count II purports to allege violations of Section 12(a)(2) of the 1933 Act, 15 U.S.C. § 77*l*(a)(2), against RMK Multi-Sector; and (iii) Count IV purports to allege violations of Section 10(b) of the Exchange Act of 1934 (the "1934 Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, against the Fund Defendants.  In addition, Plaintiff purports to allege violations of the Tennessee Consumer Protection Act ("TCPA"), the Tennessee Securities Act, and the Mississippi Securities Act.  For the reasons discussed more fully below, the Complaint fails to state any claim against the Fund Defendants, and the claims against them should be dismissed with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## **ARGUMENT**

### I.  **PLAINTIFF'S CLAIMS ARE TIME-BARRED AS AGAINST ALL FUND DEFENDANTS**

Each of Plaintiff's claims against the Fund Defendants is barred by the applicable statutes of repose and limitations.  The Section 11 and Section 12(a)(2) claims are governed by a one-

year limitations period and a three-year statute of repose.  *See* 15 U.S.C. § 77m.  The Section

10(b) and Rule 10b-5 claim, the Tennessee Securities Act claim, and the Mississippi Securities

Act claim are all subject to a two-year limitations period and five-year statute of repose,

whichever first expires.  28 U.S.C. § 1658(b); Tenn. Code Ann. § 48-1-122(h); Miss. Code Ann.

§ 75-71-509(j)(2).  Finally, the TCPA claim is subject to a one-year statute of limitations period,

and a five-year statute of repose.  Tenn. Code Ann. § 47-18-110.

### A.    All Claims are Barred by the Statutes of Repose

Statutes of repose "impose 'an absolute time limit within which actions must be

brought.'" *In re Estate of Davis*, 308 S.W.3d 832, 838 (Tenn. 2010) (quoting *Calaway ex rel.*

*Calaway v. Schucker*, 193 S.W.3d 509, 515 (Tenn. 2005)).  Here, all of the alleged conduct at

issue took place more than five years ago, and thus, falls well outside the applicable statutes of

repose.  Plainly, the three-year statute of repose applicable to Plaintiff's Section 11 claim began

to run no later than January 2006 when RMK Multi-Sector Fund was first offered to the public,

and the repose period applicable to his Section 12(a)(2) claim began in December 2007 when

Plaintiff first purchased RMK Multi-Sector Fund shares.[1]  Complaint ¶ 8; Exhibit X.

Accordingly, the applicable statutes of repose extinguished each of Plaintiff's 1933 Act claims

against RMK Multi-Sector by late January 2009 (on the Section 11 claim) and December 2010

(on the Section 12(a)(2) claim), respectively.

With regard to Plaintiff's Section 10(b) and Rule 10b-5 claim, RMH's Form N-Q, dated

February 28, 2008, is the most recent document alleged to have contained any material

misstatements or omissions.  *Id.* at ¶ 334.  Consequently, Plaintiff's Section 10(b) and Rule 10b-

---

[1] Plaintiff's final Multi-Sector Fund share purchase occurred on June 12, 2008.  Exhibit X.
Accordingly, even running the three-year statute of repose from this date, Plaintiff's Section
12(a)(2) claim was extinguished no later than June 12, 2011.

5 claim was extinguished by the five-year statute of repose no later than February 28, 2013, more than six months before Plaintiff filed his Complaint, and any claim arising from any other alleged acts or omissions would have been barred even earlier.[2]  Similarly, Plaintiff's Tennessee Securities Act, Mississippi Securities Act, and TCPA claims—all subject to a five-year statute of repose—were likewise extinguished well before the filing of Plaintiff's Complaint.  Accordingly, Plaintiff's Complaint is time-barred.

Plaintiff's reliance on *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) to toll the applicable statutes of repose is misguided.  In *Police & Fire Ret. Ses. v. Indymac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013), the Second Circuit held that, whether *American Pipe* tolling is considered equitable or legal, it does not apply to the statute of repose governing claims brought under the 1933 Act.  *Id.* at 109.  ("*American Pipe's* tolling rule, whether grounded in equitable authority or on Rule 23, does not extend to the statute of repose in Section 13.").[3]  Thus, Plaintiff's 1933 Act Section 11 and Section 12 claims are time-barred.  Under this same rationale, Plaintiff's Section 10(b) and Rule 10b-5, and state securities act and state law claims are likewise time-barred.  Martin Flumenbaum and Brad S. Karp, *Court Holds Securities Act Statute of Repose Not Tolled*, 250 N.Y.L.J., Aug. 2013, at 41 (noting that "the Second Circuit's analysis appears to be equally applicable to other statutes of repose . . . including the five-year statute of repose governing

---

[2] The Complaint actually defines the "Relevant Period" as "[f]rom January 2007 and August 2007," Complaint ¶ 183, and thus, plainly, any claim from conduct alleged in or prior to that purported Relevant Period is barred by the applicable statutes of repose.  Moreover, Plaintiff acknowledges that the funds were acquired by Hyperion Brookfield Asset Management, Inc. – an unrelated entity – on July 29, 2008 (*id.*, p.1 n.1); thus, even if that date was the relevant cutoff (and there are no well-pleaded allegations that the conduct in question extended until even that date), the claims would still be barred by the applicable statutes of repose.

[3] Section 13, 15 U.S.C. § 77m, sets forth the statutes of limitations and repose for both Section 11, 15 U.S.C. § 77k, and Section 12(a)(2), 15 U.S.C. § 77*l*(a)(2).

claims brought under Section 10(b) of the Securities Exchange Act of 1934").[4]  As the Second Circuit noted in *IndyMac*, "statutes of repose … run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action." *Id*. at 106 (quoting *Fed. Hous. Fin. Agency v. UBS Americas Inc.*, 712 F.3d 136, 140 (2d Cir. 2013)).  Thus, the Complaint should be dismissed in its entirety as barred by the applicable statutes of repose.

### B.   The Claims are also Barred by the Statutes of Limitations

While the Court need not inquire further into the statutes of limitations as the claims are barred by the statutes of repose, in any event, Plaintiff's claims are also barred by the applicable statutes of limitations.  Although the Complaint references numerous earlier dates, the latest date that Plaintiff alleges to have discovered facts relevant to his claims is April 7, 2010, when the SEC and Multi-State Task Force issued their respective Notice of Intent and enforcement actions.[5]  Complaint at ¶ 433.  This results in Plaintiff's Complaint being time-barred.

As noted above, Plaintiff's claims asserted under the Tennessee and Mississippi Securities Acts, and the TCPA, were not even asserted in the class actions (and, as noted above,

---

[4] The Supreme Court of Tennessee has held that the TCPA does not authorize claims alleging violations of the Act to proceed as class actions.  *See Walker v. Sunrise Pontiac-GMC Truck Inc.*, 249 S.W.3d 301, 309–11 (Tenn. 2008).  As the TCPA claim was not, and could not have been, asserted in any prior class action, *American Pipe* tolling is not available with regard to that claim.  Similarly, Plaintiff's Complaint acknowledges that the Tennessee and Mississippi Securities Act claims were not asserted in any previously pending class action proceeding, rendering *American Pipe* tolling unavailable for those claims as well.

[5] Furthermore, based on the allegations of the Complaint, it would have been reasonable for the alleged misstatements or omissions to have been discovered earlier.  *See* Complaint at ¶ 430 (alleging December 21, 2007 as earliest date of discovery for claims under Sections 11 and 12(a)(2)); *id*. at ¶¶ 432 (alleging April 4, 2008 as earliest date of discovery for Section 10(b) and Rule 10b-5 claim and state securities act and state law claims).

in the case of at least the TCPA claim, could not have been).[6]  Complaint p. 172.  As a matter of

law, "tolling in *American Pipe* is only available for the same claims asserted in the putative class

action complaint, and is not to be abused by the assertion of claims that differ from those raised

in the original class suit."  *Hutton v. Deutsche Bank AG*, 541 F. Supp. 2d 1166, 1172 (D. Kan.

2008) (internal quotation marks omitted).  Accordingly, these claims are time-barred.

 Finally, to the extent the Court determines in response to motions by other Defendants

that Plaintiff's claims are time-barred on any other basis, such determination warrants dismissal

of the claims against the Fund Defendants as well.

## II.  PLAINTIFF'S CLAIMS ARE DERIVATIVE IN NATURE AND MAY NOT BE ASSERTED DIRECTLY BY PLAINTIFF

 At bottom, Plaintiff's claims purport to allege that those who previously managed the

Fund Defendants during the relevant period mismanaged the funds, overstated the value of the

funds, and failed to comply with certain investment limitations or policies.  But it is well-settled

that allegations relating to mismanagement, valuation, and compliance are not directly

recoverable claims under the federal securities laws.[7]  *See Santa Fe Indus., Inc. v. Green*, 430

U.S. 462, 477 (1977) (stating that "instances of corporate mismanagement . . . in which the

---

[6] Plaintiff alleges that "the state securities act and state law claims . . . were included in the *Daniels v. Morgan Keegan* action."  Complaint at ¶ 414.  This assertion is simply untrue.  The claims alleged in that action pertained only to federal Sections 11, 12 and 15 of the 1933 Act, Sections 10(b) and 20(a) of the 1934 Act, and Section 34(b) of the Investment Company Act.  *See In re Regions Morgan Keegan Closed-End Fund Litig.*, Case Nos. 2:08-cv-02452, 02453, 02455, 02456, (ECF 1) (W.D. Tenn. filed July 11, 2008).

[7] Furthermore, the Funds are Maryland corporations and thus subject to Maryland law when it comes to determining whether a plaintiff's claims are direct or derivative.  *See Casden v. Burns*, 306 F. App'x 966, 974 (6th Cir. 2009).  Under Maryland law, claims for mismanagement, waste, and other wrongdoing are solely derivative claims, and a plaintiff is prohibited from pursuing them directly.  *See Strougo v. Bassini*, 282 F.3d 162, 174–75 (2d Cir. 2002); *see also In re Am. Mut. Funds Fee Litig.*, No. CV 04-5593-GAFRNBX, 2005 WL 3989803, *4 (C.D. Cal. Dec. 16, 2005).

essence of the complaint is that shareholders were treated unfairly by a fiduciary" are not within the scope of § 10(b)); *Panter v. Marshall Field & Co.*, 646 F.2d 271, 289 (7th Cir. 1981) (holding that when the "central thrust" of a claim is mismanagement rather than concealment of material information, a complaint should be dismissed); *In re CMS Energy Secs. Litig.*, 236 F.R.D. 338, 342 (E.D. Mich. 2006) (agreeing that "disclosures regarding internal management control problems are not appropriately part of a securities litigation claim").

Furthermore, the injury that Plaintiff alleges—a decline in the Funds' share prices—is not an individualized injury, but one which affected the value of all investors' holdings in the Funds. Plaintiff's claims are accordingly derivative in nature, and belong to the Funds themselves. *See e.g.*, *In re Charles Schwab Corp. Sec. Litig.*, No. C 08-01510, 2009 U.S. Dist. LEXIS 44859, at *18 (N.D. Cal. May 15, 2009). Indeed, as this Court is well-aware, the Fund Defendants, through their new Board, previously authorized pursuit of derivative litigation regarding the events at issue, and a settlement of that litigation was approved by this Court on September 5, 2013. *See* Order, *In re Helios Closed-End Funds Derivative Litig.*, 2:11-cv-02935 Docket No. 73, dated Sep. 5, 2013. Thus, Plaintiff's claims should be dismissed on this basis as well.

### III. PLAINTIFF'S SECTION 10(b) AND RULE 10b-5 CLAIM (COUNT IV) SHOULD BE DISMISSED AS AGAINST ALL FUND DEFENDANTS

As noted above, Plaintiff's Section 10(b) and Rule 10b-5 claim is time-barred and need not be considered further. However, even if it was not time-barred, Plaintiff's claim fails to satisfy the heightened pleading standards of the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 ("PSLRA"), and Rule 9(b) of the Federal Rules of Civil Procedure. A Section 10(b) claim requires a plaintiff to plead and prove with specificity *as to each defendant*: (1) a material misrepresentation or omission by that defendant; (2) scienter; (3) a connection between the misrepresentation or omission and the purchase or sale of a security; (4) reliance

upon the misrepresentation or omission; (5) economic loss; and (6) loss causation.  *Stoneridge In. Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148, 157 (2008).  With respect to each element, the complaint must provide "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A complaint that relies upon "labels and conclusions," *id.*, and merely raises the "possibility of misconduct" will not suffice.  *Id.* at 679; *see also Hensley Mfg., Inc. v. Prop Pride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

A.     **Plaintiff Fails to Plead Scienter with Requisite Particularity as to Fund Defendants**

In addition to satisfying the ordinary pleading standard required by Fed. R. Civ. P. 8(a)(2), and the additional requirements imposed by 9(b) when alleging fraud, claims alleging securities fraud must also clear the even higher hurdle set by the PSLRA.  *See* U.S.C. § 78u-4(b)(2).  The PSLRA requires the complaint to "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007) (quoting 15 U.S.C. § 78 u-4(b)(2)); *see also PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 682 (6th Cir. 2004).  For purposes of a Section 10(b) action, the required state of mind is "an intent to deceive, manipulate or defraud."  *Tellabs*, 551 U.S. at 319 (quoting *Ernst & Ernst v. Hochfelder*, 425 U.S. 185, 193–94 n.12 (1976)); *Regions Morgan Keegan Open-End Mut. Fund Litig.*, 743 F. Supp. 2d 744, 754 (W.D. Tenn. 2010), *recons. den.*, Nos. 07-2784, MDL 2009, 2010 WL 5464792 (W.D. Tenn. Dec. 30, 2010) (quoting *id.*).  "[S]peculation and conclusory allegations" will not suffice.  *In re Comshare, Inc. Sec. Litig.*, 183 F.3d 542, 553 (6th Cir. 1999) (quoting *San Leandro Em. Med. Plan v. Philip Morris Cos.*, 75 F.3d 801, 813 (2d Cir. 1996)).  Rather, as the Supreme Court recently held, the strong inference of scienter "must be more than merely plausible or reasonable—it must be cogent and

at least as compelling as an opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314; *see also Regions*, 743 F. Supp. 2d at 755 (quoting *id*.). Thus, the PSLRA's "'strong inference' standard unequivocally raised the bar for pleading scienter . . . ." *Tellabs*, 551 U.S. at 323 (quoting *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 601 (7th Cir. 2006)).

Although Plaintiff makes several generalized allegations that the Fund Defendants engaged in fraud, he failed to provide a single particularized fact that could give rise to a strong inference that any of the Fund Defendants acted with the requisite level of scienter. Nor could he. Because "corporations have no state of mind of their own," Plaintiff is wholly incapable of pleading scienter as to the Fund Defendants. *Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 635 (11th Cir. 2010).

Plaintiff inappropriately seeks to impute Kelsoe's alleged scienter to the Fund Defendants despite the fact that Kelsoe was not an employee, officer or director of the Funds. *Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 513 F.3d 702, 708 (7th Cir. 2008) ("A corporation is liable for statements by *employees* who have apparent authority to make them.") (emphasis supplied).[8] The Complaint admits and appends documents[9] confirming that Kelsoe was a Morgan Asset

---

[8] *See also Frank v. Dana Corp.*, No. 09-4233, 2011 WL 2020717 (6th Cir. May 25, 2011) (imputing the scienter of a senior controlling *officer* of a corporation to that corporation); *Adams v. Kinder-Morgan, Inc.*, 340 F.3d 1083, 1106 (10th Cir. 2003) ("The scienter of the senior controlling *officers* of a corporation may be attributed to the corporation itself to establish liability as a primary violator of § 10(b) and Rule 10b-5 . . . .") (emphasis supplied); *Thompson*, 610 F.3d at 635 (affirming dismissal where the complaint "fail[ed] to sufficiently plead scienter as to any of the individuals who serve[d] as corporate *directors or officers*" of the company).

[9] When considering a motion to dismiss, "courts must consider the complaint in its entirety, as well as other . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). These documents include "the full text of securities filings, the company prospectus, analysts' reports, and statements integral to a complaint," as well as those documents "referred to in the complaint [that] are central to the plaintiff's claim." *In re Bridgestone Sec. Litig.*, 430 F. Supp. 2d 728, 732 (M.D. Tenn. 2006).

Management ("MAM") and Morgan Keegan ("MK") employee—not an employee of the Fund Defendants. Complaint ¶ 52.[10]

Moreover, even if, *arguendo*, the scienter of a non-employee could ever be imputed to the Fund Defendants, on these allegations, including the materials expressly incorporated and appended, imputing Kelsoe's scienter would neither be "plausible or reasonable," nor "cogent and compelling." For example, the Complaint relies heavily on and incorporates the SEC allegations and findings. But the SEC's action was predicated on allegations that Kelsoe actually defrauded or withheld information from the Funds, its then-existing board of directors, and even the Funds' auditor. *See* Exhibit D ¶ 29 ("[Kelsoe] did not disclose that information to Fund Accounting, the Funds' Board of Directors or the Independent Auditor.); *Id*. at ¶ 33 ("Kelsoe did not disclose to Fund Accounting or the Funds' Boards that he had received quotes from the Submitting Firm which were lower than the current valuations recorded by the Funds, and that the Submitting Firm had refrained from submitting quotes to Fund Accounting or had submitted quotes at higher prices than it had originally planned. Kelsoe also did not disclose that he caused the Submitting Firm to alter or withhold quotes."); *Id*. at ¶ 35 ("Kelsoe did not advise Fund Accounting, the Independent Auditor or the Funds' Boards of Directors that the Submitting Firm had provided to Kelsoe a quote lower than the price at which the Funds were holding the bonds, or that he had prevailed upon the Submitting Firm not to supply the quotes to Fund Accounting

---

[10] *See also* Exhibit D ¶ 3 ("Kelsoe was a senior portfolio manager for Morgan Asset. He also was a managing Director of Morgan Keegan."); *id*. at ¶ 11 ("Kelsoe, an employee of Morgan Asset and Morgan Keegan . . . ."); Exhibit I (confirming Kelsoe's employment with both Morgan Keegan and MAM); Exhibit V ¶ 27 ("Kelsoe was an employee of MAM").

or the Independent Auditor."); *Id.* at ¶ 40 ("Morgan Asset, through Kelsoe, also defrauded the Funds . . .").[11]

As the Supreme Court in *Tellabs* instructed, courts "must take into account plausible opposing inferences." 551 U.S. at 323. As such, Plaintiff is required to "state with particularity facts giving rise to a *strong* inference that *the defendant* acted with the required state of mind," 15 U.S.C. § 78u-4(b)(2) (emphasis supplied), and this strong inference must be "more than merely plausible or reasonable—it must be **cogent** and **at least as compelling as any opposing inference of nonfraudulent intent**." 551 U.S. at 314. By incorporating allegations that Kelsoe and others defrauded the Fund Defendants, their boards, and their independent auditors, the Complaint clearly undermines any inference that Kelsoe's or any other party's alleged scienter should be imputed to the Fund Defendants. Plainly, on this pleading, such an inference would be neither cogent nor compelling, but contradictory to the Complaint's own factual allegations. As such, the most plausible inference is that the Fund Defendants lacked scienter, and therefore Plaintiff's 10(b)-5 claims against the Fund Defendants must be dismissed.

The Supreme Court decision in *Janus Capital Grp., Inc. v. First Derivative Traders* does not compel a different result. 131 S.Ct. 2296 (2011). *Janus* merely stated that under some circumstances funds might be deemed the "maker" of statements; it did not address the liability or alleged scienter of a fund. *Id.* at 2305. Indeed, the *Janus* dissent explicitly recognized that the

---

[11]*See also* Complaint ¶ 135 ("Kelsoe did not advise the Fund Accounting Department or the Board when he received information from third parties indicating the that the Funds' prices for certain securities should be reduced."); *id.* at ¶ 136 ("[B]etween January and July 2007, Kelsoe sent approximately 262 phony 'price adjustments' to the Fund Accounting Department." (emphasis omitted); *id.* at ¶ 145 ("Kelsoe directed his Dealer Contact not to provide a quote to the Fund Accounting Department . . . .") (emphasis omitted); *id.* at ¶ 152 ("Kelsoe did not tell Fund Accounting that he was influencing the quotes that Greenwich Capital supplied to Fund Accounting.").

majority's holding would most likely foreclose the ability of plaintiffs to sufficiently plead viable Rule 10b-5 claims against a fund in cases where the fund's board knew nothing about the alleged misstatements. *See Janus*, 131 S.Ct. at 2310 (Breyer, J., dissenting). Policy and fairness dictate such a result since it would be improper to hold funds themselves liable for any purported Rule 10b-5 violations when "the advisor forms and incubates the fund, furnishes all management to the fund, drafts and publishes the fund's prospectuses, and perpetrates the [allegedly] fraudulent scheme." William A. Birthistle, *The Supreme Court's Theory of the Fund*, 37 J. Corp. L. 771, 773 (Summer 2012).

This is precisely the case here as well, where Plaintiff alleges the Fund Defendants "were issued, underwritten, sold, and managed by two wholly owned and controlled subsidiaries" of a legally distinct corporation. Complaint ¶ 1. Plaintiff has failed to adequately plead scienter as to the Fund Defendants; accordingly, his Section 10(b) and Rule 10b-5 claim against the Fund Defendants should be dismissed.

### B. Plaintiff Fails to Plead Reliance with Requisite Particularity as to Fund Defendants

It is well-settled that "[r]eliance by the plaintiff upon the defendant's deceptive acts is an essential element of the § 10(b) private cause of action." *Stoneridge*, 552 U.S. at 159. But when the plaintiff already has knowledge regarding the falsity of any alleged misrepresentations or absence of any alleged omissions, he is incapable of adequately pleading reliance. *See e.g.*, *In re Reciprocal of Am. (ROA) Sales Practices Litig.*, Civil Action No. 04-2294, 2006 U.S. Dist. LEXIS 71808, *35 (W.D. Tenn. July 6, 2006) ("Knowledge of the truth defeats a claim of fraud because it eliminates the deceit as the 'but for' cause of the damages.") (quoting *Sandwich Chef of Tex., Inc. v. Reliance Nat'l Indem. Ins. Co.*, 319 F.3d 205, 218–19 (5th Cir. 2003)). Here, Plaintiff's express allegations belie an inference of reliance on any acts of the Fund Defendants.

Plaintiff defines the "Relevant Period" as January 2007 through August 2007, and cites a litany of purported "corrective disclosures" that took place between July 20, 2007 and August 17, 2007—more than a month **before** Plaintiff ever bought a single share of any Fund Defendant security.[12]  Complaint ¶¶ 371–78; Exhibit X.  Further disclosures occurred prior to subsequent purchases.[13]  Because Plaintiff has failed to adequately plead facts to support a finding of reliance with respect to the Fund Defendants, his Section 10(b) and Rule 10b-5 claim must be dismissed on this ground as well.

Further, to the extent the Court determines in response to motions by other Defendants that Plaintiff failed to allege reliance on other grounds, such determination warrants dismissal of the Section 10(b) and Rule 10b-5 claim against the Fund Defendants as well.

C.    **Plaintiff Fails to Plead Loss Causation with Requisite Particularity as to Fund Defendants**

Plaintiff has also failed to adequately plead the loss causation element required to survive a motion to dismiss a Section 10(b) and Rule 10b-5 claim.  *See Stoneridge*, 552 U.S. at 157. Loss causation requires a direct, causal connection between plaintiffs' loss and the alleged misrepresentation.  *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005). As such, Plaintiff must plead "a facially 'plausible' causal relationship between the fraudulent statements and omissions and plaintiff's economic loss."  *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 258 (5th Cir. 2009).

Here, Plaintiff has failed to do so.  Throughout the Complaint Plaintiff alleges that "corrective disclosures" directly caused the Funds' share prices to decline significantly, and

---

[12] *Compare* Complaint ¶ 4 first, second and fourth bullets *with* ¶¶ 371, 373, 376; Complaint ¶ 4 third bullet *with* ¶¶ 374–76; ;Complaint ¶ 4 fifth bullet *with* ¶ 378; ¶ 4 seventh bullet *with* ¶¶ 373, 377.

[13] *Id*. at ¶¶ 379–88.

thereby caused Plaintiff to suffer losses dramatically larger than he otherwise would have sustained.  For instance, on August 14, 2007, Form 8-K disclosed that the Funds were retaining an independent consultant to assist in determining the fair value of portfolio securities.  *See* Complaint at ¶ 374.  Plaintiff alleged that as a result of this disclosure, the Funds' shares suffered declines in value ranging from 14.07% to 17.56%, leading to losses "dramatically larger" than those that would have occurred as a result of ordinary market forces.  *Id*. at ¶ 375.  Other alleged disclosures resulted in the Funds' share prices declining by 53–57% between June 7, 2007 and August 16, 2007.  *Id*. at ¶¶ 371–78.  Importantly, though, these disclosures occurred prior to Plaintiff's first purchase.  Other disclosures occurred prior to subsequent purchases.  *Id.* at ¶¶ 379-88.

Consequently, Plaintiff is incapable of even showing as an initial matter that the prices at which he purchased fund shares were artificially inflated—and it follows that if prices were not artificially inflated to begin with, subsequent losses must have been due to ordinary market forces and not caused by any alleged misrepresentations.  As the Supreme Court noted when discussing the importance of adequately pleading loss causation, private securities claims are not meant "to provide investors with broad insurance against market losses, but to protect them against those economic losses that misrepresentations actually cause."  *Dura Pharm., Inc.*, 544 U.S. at 345.  Accordingly, because Plaintiff has failed to plead a "plausible causal relationship" between the allegedly fraudulent misrepresentations and *his* economic loss, the Court should dismiss Plaintiff's Section 10(b) and Rule 10b-5 claim with respect to the Fund Defendants.  *See e.g.*, *D.E.&J. Ltd. P'ship v. Conaway*, 133 Fed. App'x 994, 995 (6th Cir. 2005) ("As the plaintiffs have failed adequately to plead 'loss causation' under 15 U.S.C. § 78u–4(b)(4) and

*Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, . . . we affirm [the district court's dismissal of the complaint].").

In addition, for reasons discussed more fully in co-defendants' motion to dismiss, Plaintiff has failed to plead loss causation in any event. *See also Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 174 (2d Cir. 2005) (holding that "a plaintiff's claim fails when 'it has not adequately ple[]d facts which, if proven, would show that its loss was caused by the alleged misstatements as opposed to intervening events'" (citation omitted)). To the extent the Court determines in response to motions by other Defendants that Plaintiff failed to allege loss causation on any other grounds, such determination warrants dismissal of the Section 10(b) and Rule 10b-5 claim against the Fund Defendants as well.

### D.    Plaintiff Fails to Plead Material Misrepresentations or Omissions with Requisite Particularity as to Fund Defendants

For the reasons discussed more fully in the co-defendants' motion to dismiss, Plaintiff has failed to plead with requisite particularity any alleged material misstatements or omissions as to the Fund Defendants. *See e.g., La Pietra v. RREEF Am., LLC*, 738 F. Supp. 2d 432, 442–43 (S.D.N.Y. 2010) (dismissing Rule 10b-5 fraud claim where plaintiffs failed to plead any false statements or material omissions). Accordingly, this warrants dismissal of the Section 10(b) and Rule 10b-5 claim against the Fund Defendants as well.

## IV.    PLAINTIFF'S SECTION 11 CLAIM (COUNT I) SHOULD BE DISMISSED AS AGAINST DEFENDANT RMK MULTI-SECTOR

As noted above, Plaintiff's Section 11 claim against RMK Multi-Sector is time-barred and need not be considered further. Furthermore, "Section 11 absolves defendants of liability for misstatements or omissions if 'it is proved at the time of such acquisition [the purchaser] knew of such untruth or omission.' 15 U.S.C. § 77k(a). A plaintiff's knowledge is therefore an affirmative defense under Section 11." *Fed. Hous. Fin. Agency v. UBS Americas, Inc.*, No. 11

-14-

Civ. 5201 (DLC), 2013 WL 3284118, *13 (S.D.N.Y. June 28, 2013).  Although affirmative defenses are not usually considered on a motion to dismiss, the "prevailing rule is that a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978).  Here, on these pleadings, it is clear from the face of the Complaint that Plaintiff had knowledge of the misstatements he alleges.  *See e.g.*, Section III.B *supra*.  Accordingly, the Plaintiff's 1933 Act claims should be dismissed.

Additionally, for the reasons discussed more fully in co-defendants' moving brief, Plaintiff has failed to adequately plead that RMK Multi-Sector's registered statements contained a material misstatement or omission.  *See* Defendants Br. at Section VI.  Likewise, Plaintiff has failed to plead any facts that support a direct, causal connection between the alleged misrepresentation and their loss—*i.e.*, loss causation—and have even pleaded facts to defeat such a theory.  *See id*. at Section V.A.1.  Plaintiff's Section 11 claim against RMK Multi-Sector must therefore be dismissed.  *See Azzolini v. CorTS Trust II*, 2005 WL 3448053, at *5–6 (E.D. Tenn. Dec. 14, 2005) (dismissing Section 11 claim where on face of complaint there was no connection between the alleged misstatements and/or omissions and decline in the value of the security even though plaintiffs were not required to plead loss causation).

In all events, to the extent the Court determines in response to motions by other Defendants that Plaintiff failed to adequately plead a Section 11 claim on any other grounds, such determination warrants dismissal of the claim against RMK Multi-Sector as well.

## V.    PLAINTIFF'S SECTION 12(A)(2) CLAIM (COUNT II) SHOULD BE DISMISSED AS AGAINST RMK MULTI-SECTOR

For the same reasons warranting dismissal of Plaintiff's Section 11 claim, the Section 12(a)(2) claim should be dismissed against RMK Multi-Sector as well. Each of the Section 11 arguments are expressly incorporated in response to the Section 12(a)(2) claim. *See Yu v. St. Street Corp.*, 686 F. Supp. 2d 369, 374 (S.D.N.Y. 2010) ("[I]f a plaintiff fails to plead a cognizable Section 11 claim, he or she will be unable to plead one under Section 12(a).").

Additionally, Plaintiff is incapable of maintaining a Section 12(a)(2) cause of action because he lacks standing. Section 12(a)(2) provides that those who offer or sell a security by means of a prospectus containing a material misrepresentation only may be held liable to those persons "purchasing such security *from him*." 15 U.S.C. § 77*l*(a)(2) (emphasis supplied). This language "requires a plaintiff to plead and prove that it purchased a security *directly* from the issuer as part of the *initial offering*, rather than in the secondary market." *In re Mun. Morg. & Equity, LLC*, 876 F. Supp. 2d 616, 659 (D. Md. 2012) (quoting *In re Wells Fargo Mortgage-Backed Certificates Litig.*, 712 F. Supp. 2d 958, 966 (N.D. Cal. 2010)) (emphasis supplied); *See Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561 (1995). Here, it is clear from the face of Plaintiff's Complaint that he did not purchase as part of RMK Multi-Sector's initial public offering but instead in the secondary market: the offering took place in late January 2006 at a price of $15.00 per share, *see* Complaint at ¶ 8, but Plaintiff did not place an order for a single share of the RMK Multi-Sector security until December 14, 2007, nearly two years later, at a price of $5.03 per share. Exhibit X.

Consequently, because Plaintiff did not purchase directly from RMK Multi-Sector in its initial offering, Plaintiff lacks standing to assert this claim, and the claim should be dismissed as a matter of law. *See In re Mun. Morg. & Equity*, 876 F. Supp. 2d 616, 659–60 (noting that

"cursory allegations that plaintiffs purchased stock 'pursuant and/or traceable to' the misleading registration are insufficient to state a claim" and holding that a plaintiff who purchased shares of a security for $26.32 per share one day after the initial public offering priced shares at $26.51 did not make a plausible claim that he purchased directly and therefore lacked standing); *accord In re Schering-Plough Corp./Enhance Secs. Litig.*, No. 08-cv-397 (DMC), 2009 U.S. Dist. LEXIS 78852, *20–21 (D. N.J. Aug. 31, 2009) (allowing Section 12 Securities Act claims to survive where the plaintiff alleged the issuance of common stock at a price of $27.50 per share, and attached a transaction record demonstrating that he purchased shares for $27.50 on the same date of the issuance).

Finally, to the extent the Court determines in response to motions by other Defendants that Plaintiff failed to adequately plead a Section 12(a)(2) claim on any other grounds, such determination warrants dismissal of the claim against RMK Multi-Sector as well.

## VI.   PLAINTIFF'S MISSISSIPPI SECURITIES ACT CLAIM (COUNT VIII) SHOULD BE DISMISSED AS AGAINST FUND DEFENDANTS

The Fund Defendants were incorporated under Maryland law, and are alleged to have maintained offices in Tennessee.  *See* Complaint ¶¶ 44–47.  Plaintiff alleges merely that he is a "United States citizen presently residing in the United Kingdom."  *Id*. at ¶¶ 43.  Plaintiff therefore has asserted no basis for availing himself of any private rights of action provided by the Mississippi Securities Act.  Accordingly, the Court should dismiss this claim as against all Fund Defendants.

## VII.  PLAINTIFF'S CLAIMS UNDER THE MISSISSIPPI AND TENNESSEE SECURITIES ACTS FAIL TO SATISFY THE REQUIREMENTS OF THE PSLRA AND RULE 9(B)

Because Plaintiff's claims under the Mississippi and Tennessee Securities Acts are premised on fraud, they, like his federal securities claims, must satisfy the requirements of the

-17-

PSLRA and Rule 9(b).  For the reasons stated above, he fails to do so, and thus, those claims must be dismissed on this basis as well.

## **CONCLUSION**

For the reasons set forth herein, the Fund Defendants respectfully request that this Court dismiss Plaintiff's claims against the Fund Defendants with prejudice.

Dated this 12th day of November, 2013.

By:_____/s/Kevin C. Logue_____
Kevin C. Logue (2048460)
Kevin P. Broughel (4242418)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants*
*Helios Advantage Income Fund, Inc.,*
*Helios High Income Fund, Inc., Helios*
*Multi-Sector High Income Fund, Inc.,*
*and Helios Strategic Income Fund, Inc.*
*(formerly RMK Advantage Income*
*Fund, Inc., RMK High Income Fund,*
*Inc., RMK Multi-Sector High Income*
*Fund, Inc., and RMK Strategic Income*
*Fund, Inc., respectively)*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on November 12, 2013, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**James A. Dunlap , Jr.**
JAMES A. DUNLAP, JR. & ASSOCIATES, LLC
310 Windsor Gate Cove, NE
Atlanta, GA 30342
404-354-2363
Email: jim@jamesdunlaplaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*

**Laura S. Martin**
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Suite 2700
Memphis, TN 38103
901-525-1455
Fax: 901-526-4084
Email: lmartin@harrisshelton.com

**Christopher S. Campbell**
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103
901-525-1455
Email: ccampbell@harrisshelton.com

**Peter S. Fruin**
MAYNARD COOPER & GALE, PC
AmSouth/ Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203-2602
205-254-1068
Fax: 205-254-1999
Email: pfruin@maynardcooper.com
*LEAD ATTORNEY*

By:_____/s/Kevin C. Logue_____
Kevin C. Logue (2048460)
Kevin P. Broughel (4242418)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants*
*Helios Advantage Income Fund, Inc., Helios*
*High Income Fund, Inc., Helios Multi-Sector*
*High Income Fund, Inc., and Helios*
*Strategic Income Fund, Inc. (formerly RMK*
*Advantage Income Fund, Inc., RMK High*
*Income Fund, Inc., RMK Multi-Sector High*
*Income Fund, Inc., and RMK Strategic*
*Income Fund, Inc., respectively)*