IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| W. Thomas Small, Jr., <br><br>          Plaintiff, <br><br> v. <br><br> RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, <br><br>          Defendants. | Case No. 2:13-cv-02654 |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Regions Financial Corporation ("Regions"), MK Holding, Inc. ("MK Holding"), Morgan Asset Management, Inc. ("MAM"), James C. Kelsoe, Jr. ("Kelsoe"), Brian B. Sullivan ("Sullivan"), Joseph Thompson Weller ("Weller"), Allen B. Morgan ("Morgan"), and J. Kenneth Alderman ("Alderman") (collectively "Defendants") respectfully file this Motion to Dismiss Plaintiffs' Complaint, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff began investing in the funds at issue in October 2007 - in the midst of a highly publicized and unprecedented collapse of the credit markets that had caused the funds' share prices to deteriorate some 40% at the time of Plaintiff's initial investment. Prior to his investment

{02715590.1}

in the funds, Plaintiff's own Complaint alleges that the misrepresentations and omissions that form the basis of his Complaint had been revealed to investors, including disclosures in July and August that the funds were "worst in their class" and "absolutely horrendous . . . as high-yeilds go." Despite the steep drop in the price, the tumultuous market environment, and the alleged "corrective disclosures" taking place throughout 2007 and 2008, Plaintiff poured his assets into the funds as they fell 40% to 85% - down to $2 per share from an IPO price of $15. In the face of class action complaints filed in December 2007 and April 2008 asserting the exact same claims at issue here, Plaintiff continued to invest in the funds. For Plaintiff to now allege that his losses were somehow caused by Defendants is a farce and his own Complaint fails to state any actionable conduct on the part of Defendants that would entitle him to any relief.

Plaintiff's Complaint asserts eight causes of action stemming from his investments in four closed-end investment funds – the RMK High Income Fund, Inc. ("High Income Fund" or "RMH"), the RMK Strategic Income Fund, Inc. ("Strategic Fund" or "RSF"), the RMK Advantage Fund, Inc. ("Advantage Fund" or "RMA"), and the RMK Multi-Sector High Income Fund, Inc. ("Multi-Sector Fund" or "RHY") (collectively the "Funds"). Counts I-III are for claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("1933 Act"), regarding purported misrepresentations and omissions contained in the Multi-Sector Fund's Offering Documents. Counts IV and V purport to allege claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), relating to the annual, semiannual, and quarterly reports filed by all four Funds. Counts VI-VIII assert claims under the Tennessee Consumer Protection Act, Tennessee Securities Act, and Mississippi Securities Act, respectively. Each of these asserted claims fail as a matter of law for the following reasons:

- Plaintiff's claims are time-barred by the applicable statutes of repose. Because Plaintiff failed to timely assert his claims and no basis exists to toll the applicable repose periods, Plaintiff's claims are barred.

- Plaintiff lacks standing to assert a claim under Section 12(a)(2) of the 1933 Act because Plaintiff did not purchase the Multi-Sector Fund on the IPO.

- Plaintiff's fraud claims fail as a matter of law because at the time Plaintiff began investing in the Funds the information claimed to be misrepresented and/or withheld was disclosed and known, as outlined above.

- Plaintiff's claims do not allege injuries to him personally, but instead allege injuries to the Funds; consequently, Plaintiff's claims are derivative claims.

- Plaintiff fails to adequately plead specific substantive misconduct by Defendants, as he is required to do. Plaintiff also fails to plead facts giving rise to a strong inference of scienter as required by the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 ("PSLRA") and Rule 9(b) of the Federal Rules of Civil Procedure. Plaintiff's allegations also demonstrate a lack of loss causation, which bars Plaintiff's 1933 and 1934 Act claims.

- Plaintiff fails to allege any actionable material misstatements or omissions to support his claims. The Funds' offering documents and other public filings plainly disclosed the Funds' investment objectives and strategies, the nature of the investments each Fund would and did make, the Funds' pricing and valuation procedures, and the reasonably foreseeable risks associated with an investment in the Funds, including the risks that ultimately materialized when the credit markets collapsed. The Funds' portfolio composition was also publicly disclosed on a regular basis in several of these public filings, which expressly refutes Plaintiff's allegations that the Funds and Defendants omitted material information regarding the Funds' holdings.

- Plaintiff's claims premised on control person liability under Section 15 of the 1933 Act and Section 20(a) of the 1934 Act fail as a matter of law. Plaintiff has failed to establish a primary violation of the securities laws by *any* Defendant and offers only conclusory allegations to support his claims for control person liability.

As such, Defendants respectfully request that Plaintiffs' Complaint be dismissed with prejudice. A memorandum of law in support hereof is being filed contemporaneously herewith.

Respectfully submitted this 12th day of November, 2013.

s/ Peter S. Fruin
Peter S. Fruin

Counsel for Defendants
Morgan Keegan & Company, Inc.,
Regions Financial Corporation,
MK Holding, Inc., Morgan Asset
Management, Inc., James C. Kelsoe, Jr.,
Brian B. Sullivan, Joseph Thompson Weller,
Allen B. Morgan, and J. Kenneth Alderman

**OF COUNSEL:**

Peter S. Fruin
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

Shepherd D. Tate
Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com

## CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on November 12, 2013 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com

James A. Dunlap, Jr.
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
(404) 354-2363
(404) 745-0195 (fax)
jim@jamesdunlaplaw.com

*Counsel for Plaintiffs*


Kevin P. Broughel
Kevin C. Logue
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6483
(212) 230-7807 (fax)
kevinbroughel@paulhastings.com
kevinlogue@paulhastings.com

*Counsel for Defendants RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc.*

R. Harold Meeks , Jr.
**JAMES BATES BRANNAN GROVER LLP**
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
hmeeks@jamesbatesllp.com

*Counsel for Defendant Carter E. Anthony*

        s/ Peter S. Fruin
        OF COUNSEL