# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| W. Thomas Small, Jr., <br><br> Plaintiff, <br> v. <br> RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, <br><br> Defendants. | Case No. 2:13-cv-02654 |

## DEFENDANTS' REPLY IN SUPPORT OF
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Peter S. Fruin
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

Shepherd D. Tate
Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com

02788585.3

Defendants Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman (collectively "Defendants") respectfully submit this reply memorandum in further support of their Motion to Dismiss Plaintiff's Complaint.

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE TIME-BARRED

#### A. The Discovery Rule Does Not Prevent the Running of the Statutes of Repose on Plaintiff's Claims

As an initial matter, Plaintiff argues that the doctrine of fraudulent concealment and/or the discovery rule should toll the running of the statutes of limitations on his claims. (*See, e.g.*, Docket Entry 55 (Plaintiff's Response), pp. 1-4.) Defendants, however, did not move to dismiss his claims based on statutes of limitations, but instead moved to dismiss his claims because they are all barred by the applicable statutes of repose. Thus, Plaintiff's arguments regarding the discovery rule and fraudulent concealment as they relate to statutes of limitations are inapposite.

With respect to statutes of repose, the discovery rule and the fraudulent concealment doctrine do nothing to save Plaintiff's claims because statutes of repose are not subject to equitable tolling. *See, e.g., Police & Fire Ret. Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95 (2d Cir. 2013); *Fed. Hous. Fin. Agency v. UBS Ams. Inc.*, 712 F.3d 136, 140 (2d Cir. 2013) ("[S]tatutes of repose affect the underlying right, not just the remedy, and thus they 'run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action.'") (quoting *P. Stolz Family P'ship L.P. v. Daum*, 355 F.3d 92, 102-103 (2d Cir. 2004)); *see also Cates v. Stryker Corp.*, No. 3:10-cv-546, 2012 U.S. Dist. LEXIS 9825, at *14-15

(E.D. Tenn. Jan. 27, 2012) (holding that the Tennessee legislature has not provided for tolling of the statute of repose found in the TCPA by a showing of fraudulent concealment or otherwise); *Greene v. Brown & Williamson Tobacco Corp.*, 72 F. Supp. 2d 882, 886 (W.D. Tenn. 1999) (stating that an "equitable 'discovery rule' is not available to toll statutes of repose" in construing a statute of repose in a products liability claim).[1]

### B. *American Pipe* Does Not Save Plaintiff's Claims From the Applicable Statutes of Repose

Plaintiff does not deny that, absent tolling, the applicable statutes of repose conclusively bar his claims. Instead, Plaintiff erroneously argues that *American Pipe* applies to toll the running of the statutes of repose.

Under the Supreme Court's decision in *American Pipe*, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action." *Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974). In a later case, the Supreme Court found that federal statutes of repose (such as the statutes of repose in the federal securities laws), however, are not subject to equitable tolling. *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501

---

[1] While Plaintiff spends more than a page discussing *Merck & Co. v. Reynolds*, its holding is inapposite as the discovery rule is inapplicable to statutes of repose. Notwithstanding, even if it were relevant, Plaintiff argues that "[i]n this case, there is no evidence of scienter that was available to Plaintiff exercising reasonable diligence on each claim within two years of the filing of Plaintiff's Complaint on August 22, 2013." Yet, Plaintiff's own Complaint states that he was on notice of facts giving rise to his claims "including scienter" on December 21, 2007 – which is certainly more than two years (and indeed more than five years) before the filing of his Complaint. (Compl., ¶ 457 ("Plaintiff could not have discovered facts constituting the elements of Plaintiff's claims, including scienter, . . . until after . . . December 21, 2007.") Moreover, while Plaintiff argues that his claims "did not accrue until all elements of the claim [were] reasonably discoverable . . . ." (Docket Entry 55, p. 2.) That simply is not the law. *See, e.g.*, *Reid v. Baker*, No. 10-2413, 2011 U.S. Dist. LEXIS 27255, at *31-32 (W.D. Tenn. Mar. 16, 2011) ("'The discovery rule was not meant to allow a party to delay filing his claim until after he has completed the process of discovering all the factors that affect its merits.'" (quoting *Burk v. RHA/Sullivan, Inc.*, 220 S.W.3d 896, 902 (Tenn. Ct. App. 2006))).

U.S. 350, 364 (1991). While this Court has previously noted that some courts have applied *American Pipe* to statutes of repose (*see In re Regions Morgan Keegan Closed-End Fund Litigation*, No. 2:07-cv-02830 (March 30, 2012) at pp. 23-24), the Second Circuit's 2013 decision in *IndyMac* was published since that decision. After an exhaustive analysis of federal case law, the court in *IndyMac* refused to apply *American Pipe* tolling principles to statutes of repose. Specifically, the Second Circuit concluded that because Rule 23 does not expressly create a class action tolling rule, tolling under the Court's decision in *American Pipe* is best understood as a judicially created rule based on equitable considerations and, as a result, cannot extend a statute of repose. *Police and Fire Ret. Sys. of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109 (2d Cir. 2013) ("Permitting a plaintiff to file a complaint or intervene after the repose period . . . has run would therefore necessarily enlarge or modify a substantive right and violate the Rules Enabling Act."); *see also, e.g.*, *Caviness v. Derand Res. Corp.*, 983 F.2d 1295, 1301 (4th Cir. 1993) ("[T]o adopt an interpretation that tolling principles should be applied to extend the three-year period of [Section] 13 would require [a court] to ignore the plain meaning of the language that says 'in no event' . . . and defeat the very purpose of a statute of repose.").

Thus, *American Pipe* relates to equitable tolling of statutes of limitations and is not applicable to statutes of repose.[2] Plaintiff's claims are subject to 3 and 5 year statutes of repose, which, as outlined in detail in Defendants' Motion to Dismiss, expired well before the filing of

---

[2] Despite Plaintiff's arguments to the contrary, district courts – including those outside of the United States Court of Appeals for the Second Circuit – have agreed. For example, a district court in Texas held that "class action tolling is not applicable to the Montreal Convention two-year repose provision." *Dickson v. American Airlines, Inc.,* 685 F. Supp. 2d 623, 627 (N.D. Tex. 2010). Likewise, an Alabama district court concluded that *American Pipe* does not apply to the three-year rescission period under the Truth in Lending Act "because the three-year rescission period . . . is emphatically not a statute of limitations that is subject to tolling." *McMillian v. AMC Mortg. Servs., Inc.*, 560 F. Supp. 2d 1210, 1215 (S.D. Ala. 2008).

Plaintiff's Complaint on August 22, 2013. All of Plaintiff's claims are therefore subject to dismissal.

## II. PLAINTIFF'S OTHER ARGUMENTS DO NOT SAVE HIS CLAIMS FROM DISMISSAL

### A. The Materials Before the Court Are Appropriate at this Stage.

Plaintiff briefly asserts, without any argument, that Defendants' Motions are based upon material that the Court cannot consider at this time, but instead must wait to take up after discovery. (*See* Docket Entry 55, p. 3.) Contrary to Plaintiff's assertion, when deciding a motion to dismiss, the Court "must consider the complaint in its entirety, as well as other . . . documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Courts may take judicial notice of "the full text of securities filings, the company prospectus, analysts' reports, and statements integral to a complaint," as well as documents that are "referred to in the complaint and are central to the plaintiff's claim." *In re Bridgestone Sec. Litig.*, 430 F. Supp. 2d 728, 732 (M.D. Tenn. 2006). Courts may also take judicial notice of facts that are not subject to reasonable dispute. *See* Fed. R. Evid. 201; *see also City of Philadelphia v. Fleming Cos., Inc.*, 264 F.3d 1245, 1251 n.4 (10th Cir. 2001) (taking judicial notice of dates of complaint and amendment in separate proceeding). Likewise, courts may take notice of market trends and relevant media reports. *See D.E. & J. Ltd. P'ship v. Conaway*, 284 F. Supp. 2d 719, 749 n.26 (E.D. Mich. 2003), *aff'd* 133 F. App'x 994 (6th Cir. 2005). All of the documents referenced in Defendants' Motion to Dismiss are documents the Court can consider in deciding this motion.

### B. Plaintiff Does Nothing to Demonstrate that His Fraud Claims are Sufficient.

Plaintiff also argues that he has "satisfie[d] the pleading requirement for fraud claims" and has adequately alleged loss causation and control person liability. (Docket Entry 55, pp. 14-

16, 18.) However, in support of his conclusory assertions, Plaintiff simply cites to various paragraphs in the Complaint as evidence of his supposed adequate pleading. (*Id.*) As set forth in Defendants' Motion to Dismiss, those allegations are insufficient as a matter of law and require dismissal. (*See* Docket Entry 50, pp. 17-26, 31-34.)

### C. Plaintiff is not Entitled to a Presumption of Reliance.

With respect to the reliance element of his claims, Plaintiff asserts that he is entitled to a presumption of reliance pursuant to *Affiliated Ute*. Plaintiff wholly ignores the fact that, taking the Complaint as true, Plaintiff's allegations show that the disclosures and omissions about which he complains were known prior to his purchases of the Fund. (*See* Docket Entry 50, pp. 13-15.) This fact is fatal to his claims. Because the material facts that he alleges were omitted or misrepresented were known at the time he made his purchases of the Fund, he is not entitled to a presumption of reliance under *Affiliated Ute*. *See Greening v. Litton Indus. Automation Sys.*, No. 92-2351, 1995 U.S. App. LEXIS 4582 (6th Cir. Mar. 6, 1995).

### D. Plaintiff's Claims are Derivative.

Plaintiff also argues that his claims are not derivative. However, Plaintiff fails to respond in any meaningful way to the clear law cited by Defendants that "[t]o bring a direct suit, the stockholder's claimed direct injury must be independent of any alleged injury to the corporation." *Jolly Roger Fund LP v. Sizeler Prop. Investors, Inc.*, No. 05-841, 2005 U.S. Dist. LEXIS 26837, at * 14 (D. Md. Nov. 3, 2005) (quotations omitted). In *Rice*, the Alabama Supreme Court expressly held that the key inquiry for distinguishing direct from derivative claims is "**whether the shareholders have suffered an injury that is distinct from the injury suffered by the RMK funds, or whether the injury to the shareholders merely derives from that injury.**" *See Ex parte Regions Financial Corp.*, 67 So. 3d 45, 51 (Ala. 2010). Plaintiff has

alleged that the "direct" cause of the decline in the Funds' share prices – and, therefore, the decline in value of the Funds' holdings – was the mismanagement of the Funds' portfolio. Thus, Plaintiff's claims should be dismissed as derivative.

### E. Plaintiff Does Not Have Standing for His 12(a)(2) Claim.

Plaintiff in no way addresses Defendants' clear case law that after-market purchasers are precluded from bringing actions under Section 12(a)(2). (*See* Docket Entry 55, p. 19-20.) As an after-market purchaser (*see* Docket Entry 3-3, at Ex. X), Plaintiff does not have standing to assert Section 12 claims and Plaintiff's Count II must be dismissed as a matter of law. *Gustafson v. Alloyd Co., Inc.*, 513 U.S. 561 (1995).

### F. Plaintiff's Tennessee Securities Act Claim Fails to State a Claim.

Finally, Plaintiff's argument with regard to the statutory defenses under the Tennessee Securities Act is nonsensical. Certainly Plaintiff's Tennessee Securities Act claims are not immune from Rule 12(b)(6) dismissal and/or the application of the statutes of repose.[3] As Plaintiff provides no explanation or law in support of his argument, it should be disregarded.

### CONCLUSION

For the reasons set forth herein and in Defendants' Motion to Dismiss, Defendants respectfully request that the Court dismiss Plaintiff's claims with prejudice.

---

[3] There can be no doubt that *American Pipe* tolling cannot save Plaintiff's Tennessee Securities Act claim from the statute of repose. In addition to the fact that statutes of repose are not tolled, claims under the Tennessee Securities were not claims in the class actions. *See Guy v. Lexington-Fayette Urban Cnty. Gov't*, 488 Fed. App'x 9, 21 (6th Cir. May 2, 2012) (slip op.) ("[F]iling of one class action will not toll the statutes of limitations on all claims . . . a putative class member might have; it only tolls the *claims* asserted in the filed class action." (emphasis added)).

Respectfully submitted this 28th day of January, 2014.

                    *s/ Peter S. Fruin*
                    Peter S. Fruin
                    **MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

Counsel for Defendants
Morgan Keegan & Company, Inc.,
Regions Financial Corporation,
MK Holding, Inc., Morgan Asset
Management, Inc., James C. Kelsoe, Jr.,
Brian B. Sullivan, Joseph Thompson Weller,
Allen B. Morgan, and J. Kenneth Alderman

**OF COUNSEL:**

Shepherd D. Tate
Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that on January 28, 2014 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com

James A. Dunlap, Jr.
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
(404) 354-2363
(404) 745-0195 (fax)
jim@jamesdunlaplaw.com

*Counsel for Plaintiff*

Kevin C. Logue
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6039
(212) 230-7620 (fax)
kevinlogue@paulhastings.com

*Counsel for Defendants RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc.*

R. Harold Meeks , Jr.
**JAMES BATES BRANNAN GROVER LLP**
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
hmeeks@jamesbatesllp.com

*Counsel for Defendant Carter E. Anthony*

*s/ Peter S. Fruin*
OF COUNSEL