**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| W. Thomas Small, Jr., <br><br> Plaintiff, <br><br> v. <br><br> RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, <br><br> Defendants. | Case No. 13-2654-SHM <br><br> Judge Samuel H. Mays, Jr. <br><br> Magistrate Judge Charmiane G. Claxton |

**FUND DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT
OF MOTION TO DISMISS COMPLAINT**

PAUL HASTINGS LLP
Kevin C. Logue
Kevin P. Broughel
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants
Helios Advantage Income Fund, Inc., Helios
High Income Fund, Inc., Helios Multi-Sector
High Income Fund, Inc., and Helios
Strategic Income Fund, Inc. (formerly RMK
Advantage Income Fund, Inc., RMK High
Income Fund, Inc., RMK Multi-Sector High
Income Fund, Inc., and RMK Strategic
Income Fund, Inc., respectively)*

The "Fund Defendants" (or the "Funds") as defined in their Opening Memorandum of Law dated November 12, 2013 ("Opening Memorandum" or "Open. Mem.") respectfully submit this reply memorandum of law in further support of their motion to dismiss Plaintiff's complaint filed on August 22, 2013 (ECF No. 1) (the "Complaint").[1]

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE TIME-BARRED AS AGAINST ALL FUND DEFENDANTS

As argued extensively in the Fund Defendants' Opening Memorandum, each of Plaintiff's claims is barred by the applicable statutes of repose and limitations. *See* Open. Mem. at pp. 1-5. None of Plaintiff's arguments save his untimely claims from being dismissed.

#### A. All of Plaintiff's Claims are Barred by the Statutes of Repose

Section 13 of the 1933 Securities Act (the "1933 Act"), which sets forth the statutes of repose for both Section 11 and Section 12(a)(2) claims, emphatically precludes the possibility of tolling of such statutes of repose. 15 U.S.C. § 77m. For Section 11 claims, it states that "***in no event*** shall any such action be brought … more than three years after the security was bona fide offered to the public," and for Section 12(a)(2) claims, it states that "***in no event*** shall any such action be brought … more than three years after the sale." *Id.* (emphasis added). For this reason among others, the Second Circuit correctly held in *Police & Fire Retirement Sys. v. IndyMac MBS, Inc.*, 721 F.3d 95, 101 (2d Cir. 2013) that a plaintiff cannot rely on *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*") to toll the statute of repose.[2]

---

[1] Plaintiff moved this Court on January 7, 2014 for leave to file an Amended Complaint. Defendants opposed that motion on January 21, 2014.

[2] *IndyMac's* reasoning has been applied in a number of subsequent cases. *See N.J. Carpenters Health Fund v. Residential Capital, LLC*, 08 CV 8781 (HB), 08 CV 5093 (HB), 2013 U.S. Dist. LEXIS 177795, at *21 (S.D.N.Y. Dec. 18, 2013) (rejecting argument that *IndyMac* should not be
(continued...)

1

Under this same rationale, Plaintiff's Section 10(b) and Rule 10b-5 claim and state law fraud claims, which are all subject to a five-year statute of repose, are also time-barred.[3] *See* Open. Mem. at pp. 2-4; *Cates v. Stryker Corp.*, No. 3:10-cv-546, 2012 U.S. Dist. LEXIS 9825, at *14-15 (E.D. Tenn. Jan. 27, 2012) (holding that the Tennessee legislature has not provided for tolling of a statute of repose found in the TCPA by a showing of fraudulent concealment or otherwise).

Plaintiff's purported policy arguments ignore the distinction between statutes of repose and statutes of limitations. A repose period sets "an absolute bar to untimely litigation." 1 Corman, Limitation of Actions § 1.1, at 4 (1991); *IndyMac*, 721 F.3d at 106, quoting *Fed. Hous. Fin. Agency v. UBS Ams. Inc.*, 712 F.3d 136, 140 (2d Cir. 2013) ("statutes of repose … run without interruption once the necessary triggering event has occurred, even if equitable considerations would warrant tolling or even if the plaintiff has not yet, or could not yet have, discovered that she has a cause of action."). As such, statutes of repose seek to provide parties with the benefits of finality and settled expectations. Indeed, while statutes of limitations merely "preclude [a] plaintiff from proceeding," a statute of repose "is not concerned with the plaintiff's diligence; it is concerned with the defendant's peace." *McDonald v. Sun Oil Co.*, 548 F.3d 774, 779-80 (9th Cir. 2008). In this case, the purpose of the various statutes of repose is to set a fixed and definite cutoff for the filing of claims, subject to no exceptions. Tolling would eviscerate

---

(...continued)
applied retroactively); *Freidus v. ING Groep, N.V.*, No. 12-3748-CV, 2013 U.S. App. LEXIS 23486, at *2 (2d Cir. Nov. 22, 2013) (citing *IndyMac* and holding tolling not available for claims brought under the 1933 Act); *Caldwell v. Berlind*, No. 13-156-CV, 2013 U.S. App. LEXIS 22137, at *4 (2d Cir. Oct. 28, 2013) (citing *IndyMac* and rejecting *American Pipe* tolling argument).

[3] For the Section 10(b) and Rule 10b-5 claim, Plaintiff's own Complaint acknowledges they were on notice of facts giving rise to their claims on December 21, 2007. Complaint at ¶ 457. Moreover, even if the repose period were measured either from the date of the most recent alleged misstatement or omission (February 28, 2008) (*Id.* at ¶ 334), or the date of Plaintiff's last security purchase (June 2008) (Ex. X, Dkt. No. 3-3 at p. 154), the claim would still be untimely.

that purpose by eliminating the certainty and finality a statute of repose is intended to provide for asserting securities claims. *See Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350, 363 (1991) (observing with respect to Section 13 that the "3-year limit is a period of repose inconsistent with tolling.").

Moreover, enforcing statutes of repose does not defeat the objectives of Rule 23. To the contrary, it increases the efficiency and economy of class action litigation in significant ways. If tolling were permitted, unnamed class members would be incentivized to engage in a "wait-and-see" approach about whether to participate in class action litigation or pursue their claims individually. Individual plaintiffs could delay filing individual actions as long as possible in order to benefit from the discovery conducted by class counsel and then seek to take duplicative discovery in their own cases – imposing substantial additional costs on defendants, witnesses and the courts. In addition, meaningful settlement negotiations could be hampered when the size of the class (and the number of opt-outs) remained uncertain. All of this would lead to significant inefficiencies in class action discovery and settlement efforts.

Finally, Plaintiff's argument with respect to Rule 23 and the Rules Enabling Act is similarly flawed. The statute of repose both grants defendants the right to be free from suit and extinguishes plaintiff's right to bring suit. If Rule 23 tolled the statute of repose, it would not leave "the parties' legal rights and duties intact" but would directly alter these rights by extending the time to bring a cause of action beyond its congressionally set expiration date. Contrary to Plaintiff's contention, this is much more than "simply governing the 'manner and the means' by which the parties' rights are determined." *See* Opp. Br. at 12; *IndyMac*, 721 F.3d at 106 (holding that tolling the statute of repose would violate the Rules Enabling Act because "in contrast to statutes of limitations, statutes of repose create a ***substantive*** right in those protected

3

to be free from liability after a legislatively-determined period of time.") (internal quotations and citation omitted) (emphasis added).

B.     **Plaintiff's Claims are Barred by the Statutes of Limitations**

Beyond being barred by the statutes of repose, Plaintiff's claims are also barred by the applicable one and two year statutes of limitations periods.[4] Plaintiff's contention that it could not have discovered the facts constituting the alleged violations (Opp. Br. at pp. 3-4) to trigger the limitations period is flatly contradicted by the Complaint's allegations.[5]

In short, Plaintiff alleges a litany of factual disclosures beginning in 2007 that demonstrate that Plaintiff, with reasonable diligence, could have discovered the alleged violations. *See, e.g.*, Complaint ¶¶ 370-393 (summarizing at length various 2007 "information disclosed for the first time in … news articles and corrective disclosures [that] caused the Plaintiff to suffer huge losses"); ¶ 396 (alleging news that "reveal[ed] the extent of the consequences of the Defendants' fraudulent scheme" and "detail[ed] the mounting litigation against the Defendants named herein relating to the Funds' false statements."); ¶ 399 (2009 public disclosure of *Wells* Notice that the SEC intended to recommend that the Commission bring enforcement actions). These alleged facts defeat Plaintiff's claim. *See, e.g., Monday v.*

---

[4] Plaintiff incorrectly asserts (Opp. Br. at p. 3) that a statute of limitations defense is inappropriate on a motion to dismiss. *See New England Health Care Employees Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003) ("Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove ***no*** set of facts that would entitle him to relief.") (emphasis in original) (internal quotations and citation omitted).

[5] Plaintiff's own cited case, *Eldridge v. Savage*, No. M2012-00973-COA-R3CV, 2012 WL 6757941 (Tenn Ct. App. Dec. 28, 2012), acknowledges that under Tennessee law "where the undisputed facts demonstrate that no reasonable trier of fact could conclude that a plaintiff did not know, or in the exercise of reasonable care and diligence should not have known, that he or she was injured as a result of the defendant's wrongful conduct … judgment on the pleadings or dismissal of the complaint is appropriate." Opp Br. at pp. 3-4.

*Meyer*, No. 1:10 CV 1838, 2011 WL 5974664, at *8-9 (N.D. Ohio Nov. 29, 2011) (dismissing Rule 10b-5 claim where plaintiffs' allegations demonstrated a reasonably diligent plaintiff could have discovered facts of alleged violation during the limitations period).

Regardless, by Plaintiff's own admission, the April 7, 2010 SEC and Multi-State Task Force Notice of Intent and enforcement actions disclosed all of the necessary underlying facts to Plaintiff's claims that would start the running of the limitations period. *See* Complaint at ¶ 433 ("Plaintiff would have been unable to discover, nor would any investor exercising reasonable diligence in their positions [sic] … discover[] the facts underlying Plaintiff claims contained in the Multi-State Notice of Intent and the SEC v. Morgan Keegan enforcement actions (and exhibits and allegations contained therein) published on April 7, 2010."). This belies any claim that the facts that form the basis of Plaintiff's fraud claims were somehow concealed within the applicable limitations periods. As a result, all of Plaintiff's claims are time-barred. In any event, Plaintiff's state-law claims are time-barred for the independent reason that they were not even asserted in the class action, making *American Pipe* tolling unavailable. *Weston v. AmeriBank*, 265 F.3d 366, 368-69 (6th Cir. 2001); Open. Mem. at pp 4-5.

Finally, for the further reasons argued in the submissions by co-defendants, dismissal of the claims against the Fund Defendants based on untimeliness is warranted.

## II. PLAINTIFF'S SECTION 10(b) AND RULE 10b-5 CLAIM (COUNT IV) FAIL TO PLEAD REQUISITE PARTICULARITY AS AGAINST ALL FUND DEFENDANTS

Plaintiff's response to Fund Defendants' Motion to Dismiss underscores why Plaintiff's allegations fail to satisfy the requisite particularity as to each Fund Defendant as required by the heightened PSLRA standard. For each Fund Defendant, Plaintiff argues that he "alleged specific wrongdoing", but he merely points the Court to over 280 paragraphs of the Complaint without

identifying exactly what particular facts give rise to his securities fraud claim. *See* Opp. Br. at p. 14. This highlights Plaintiff's inability to show any alleged misstatement or misconduct attributable to the Fund Defendants, requiring dismissal. *See, e.g., City of Monroe Employees Retirement Sys. v. Bridgestone Corp.*, 399 F.3d 651, 682 (6th Cir. 2005) ("… to survive a motion to dismiss, a federal securities fraud claim must withstand an exacting statement-by-statement analysis.") (internal quotations and citation omitted); *Arco Capital Corp. Ltd. v. Deutsche Bank AG*, No. 12 CIV. 7270, 2013 WL 6200380, at *7 (S.D.N.Y. Nov. 27, 2013) (dismissing 10b-5 claim where plaintiff failed to allege "what deceptive or manipulative acts were performed, which defendants performed them, when the acts were performed, and the effect the scheme had on investors in the securities at issue.") (citation omitted).

Moreover, as detailed in Fund Defendants' opening brief (Open. Mem. at pp. 7-11) Plaintiff fails to allege with adequate specificity any facts that show that the Fund Defendants acted with the requisite scienter. Plaintiff's opposition brief only refers to "opportunity to commit fraud in the Funds' NAV, specific examples of fraud [without identifying what those examples are] and the enormous financial incentives to commit fraud by inflating the NAV of the Funds." *See* Opp. Br. at p. 16. These allegations of manipulation of the Funds' NAV, at their core, concern others injuring the Fund Defendants, and cannot support any inference of scienter on the part of the Fund Defendants themselves.[6] *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007). Nor can the scienter of non-employees, as alleged in Plaintiff's Complaint, be imputed to the Fund Defendants. *See* Open. Mem. at pp. 8-11;

---

[6] For this reason, Plaintiff's claims should be dismissed on the independent basis that they are derivative in nature and belong to the Funds themselves. *See* Open. Mem. at pp. 5-6.

6

*Thompson v. RelationServe Media, Inc.*, 610 F.3d 628, 635 (11th Cir. 2010). Accordingly, Plaintiff's Section 10(b) and Rule 10b-5 claim should be dismissed.

Similarly, Plaintiff has failed to plead reliance, loss causation, or material misrepresentations or omissions with requisite particularity as to the Fund Defendants. Here, Plaintiff's first purchase of any Fund Defendant security occurred over a month ***after*** the numerous "corrective disclosures" that Plaintiff alleges took place between July 20, 2007 and August 17, 2007. *See* Complaint at ¶¶ 371-78; Ex. X; Open. Mem. at pp. 11-12. Further disclosures occurred prior to subsequent purchases. *Id.* at ¶¶ 379-388. Accordingly, Plaintiff's own allegations foreclose any possibility of reliance on any acts of the Fund Defendants.[7] Likewise, Plaintiff does not contest that he has failed to plead a "plausible causal relationship" between the allegedly fraudulent misrepresentation and ***his*** economic loss because the "corrective disclosures" that allegedly caused the Funds' shares to decline in value occurred prior to Plaintiff's first purchase, rendering subsequent losses the result of ordinary market forces.[8] *See* Open. Mem. at p. 13. Finally, as noted above, beyond a generic assertion that Plaintiff "alleged specific wrongdoing" on the part of the Fund Defendants (Opp. Br. at p. 14), there are no well-pled particular allegations as to any alleged material misstatements or omissions as to the Fund Defendants. The Section 10(b) and Rule 10b-5 claim

---

[7] Plaintiff is not entitled to a presumption of reliance under *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972). *See* Opp. Br. at p. 17. The presumption of reliance applies only where the claims are primarily premised on alleged fraudulent omissions. That is not the case here, where the Complaint throughout alleges both numerous misrepresentations and omissions. *See, e.g., Cox v. Collins*, 7 F.3d 394, 395-96 (4th Cir. 1993) (stating "*Affiliated Ute* presumption of reliance is not warranted in a Rule 10b-5 case when the plaintiff alleges both nondisclosure and positive misrepresentation instead of only nondisclosure as in *Affiliated Ute*").

[8] Loss causation is an element of a Rule 10b-5 claim suitable for adjudication at the motion to dismiss stage. *See, e.g., D.E.&J. Ltd. P'ship v. Conaway*, 133 Fed. App'x 994, 995 (6th Cir. 2005).

7

should be dismissed on these grounds as well.

## III. PLAINTIFF'S SECTION 11 CLAIM (COUNT I) SHOULD BE DISMISSED AS AGAINST DEFENDANT RMK MULTI-SECTOR

As discussed previously, Plaintiff's Section 11 claim is time-barred. Additionally, for the reasons stated in the Fund Defendants' Opening Memorandum, Plaintiff has failed to adequately plead that RMK Multi-Sector's registered statements contained a material misstatement or omission, or that any alleged misrepresentation caused his losses. *See* Open. Mem. at 15; *Azzolini v. CorTS Trust II*, No. MDL 103 MD 1552, 2005 WL 3448053, at *5-6 (E.D. Tenn. Dec. 14, 2005). Finally, Plaintiff clearly had knowledge of the misstatements he alleges, absolving the Fund Defendants of any liability for a Section 11 violation. *See* Open. Mem. at pp 14-15. In all events, should the Court determine that Plaintiff failed to adequately plead a Section 11 claim on any other grounds, such determination warrants dismissal of the claim against RMK Multi-Sector as well.

## IV. PLAINTIFF'S SECTION 12(A)(2) CLAIM (COUNT II) SHOULD BE DISMISSED AS AGAINST DEFENDANT RMK MULTI-SECTOR

Like his Section 11 claim, Plaintiff's Section 12(a)(2) claim is time-barred. Additionally, Plaintiff lacks standing to pursue a Section 12(a)(2) cause of action because he did not purchase directly from RMK Multi-Sector in its initial offering, but nearly two years later. *See* Open. Mem. at p 16; *In re Cosi, Inc. Sec. Litig.*, 379 F. Supp. 2d 580, 589 (S.D.N.Y. 2005) (dismissing Section 12(a)(2) claim on motion to dismiss because plaintiffs did not allege that they purchased their shares in the IPO). Finally, for the reasons stated in the Fund Defendants' Opening Memorandum, because Plaintiff's Section 11 claim is deficiently pled, the Section 12(a)(2) claim must be dismissed against RMK Multi-Sector as well. *See* Open. Mem. at pp. 16-17. In all events, should the Court determine that Plaintiff failed to adequately plead a Section 12(a)(2)

claim on any other grounds, such determination warrants dismissal of the claim against RMK Multi-Sector as well.

V.     **PLAINTIFF'S CLAIMS UNDER THE MISSISSIPPI AND TENNESSEE SECURITIES ACTS FAIL TO SATISFY THE REQUIREMENTS OF THE PSLRA AND RULE 9(B)**

Beyond being time-barred, Plaintiff has not pled his fraud state law claims with particularity for the reasons stated above and in the Fund Defendants' Opening Memorandum. These claims must be dismissed as well. Plaintiff's Mississippi Securities Act claim also fails for the independent reason that Plaintiff has no basis for availing himself of any private right of action provided by the statute. Plaintiff is purportedly a "United States citizen presently residing in the United Kingdom" and the Fund Defendants, incorporated under Maryland law, are alleged only to have maintained offices in Tennessee. *See* Complaint ¶¶ 43-47; Open. Mem. at p. 17.

## CONCLUSION

For the reasons set forth herein and in our Opening Memorandum and the memoranda of law submitted by co-defendants, the Fund Defendants respectfully request that this Court dismiss Plaintiff's claims against the Fund Defendants with prejudice.

Dated this 28th day of January, 2014	By: _____/s/Kevin C. Logue_____
Kevin C. Logue (2048460)
Kevin P. Broughel (4242418)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants
Helios Advantage Income Fund, Inc.,
Helios High Income Fund, Inc., Helios
Multi-Sector High Income Fund, Inc.,
and Helios Strategic Income Fund, Inc.
(formerly RMK Advantage Income
Fund, Inc., RMK High Income Fund,
Inc., RMK Multi-Sector High Income
Fund, Inc., and RMK Strategic Income
Fund, Inc., respectively)*

# **CERTIFICATE OF SERVICE**

   I hereby certify that on January 28, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**James A. Dunlap , Jr.**
JAMES A. DUNLAP, JR. & ASSOCIATES, LLC
310 Windsor Gate Cove, NE
Atlanta, GA 30342
404-354-2363
Email: jim@jamesdunlaplaw.com

**Laura S. Martin**
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Suite 2700
Memphis, TN 38103
901-525-1455
Fax: 901-526-4084
Email: lmartin@harrisshelton.com

**Christopher S. Campbell**
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103
901-525-1455
Email: ccampbell@harrisshelton.com

**Peter S. Fruin**
MAYNARD COOPER & GALE, PC
AmSouth/ Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203-2602
205-254-1068
Fax: 205-254-1999
Email: pfruin@maynardcooper.com

**R. Harold Meeks , Jr.**
JAMES BATES BRANNAN GROVER LLP
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, GA 30326
404-997-6020
Fax: 404-997-6021
Email: hmeeks@jamesbatesllp.com

          By: /s/Kevin C. Logue
          Kevin C. Logue (2048460)
          Kevin P. Broughel (4242418)
          PAUL HASTINGS LLP
          75 East 55th Street
          New York, NY 10022
          Tel: (212) 318-6000
          Fax: (212) 319-4090
          E-mail: kevinlogue@paulhastings.com

          *Counsel for Defendants*
          *Helios Advantage Income Fund, Inc., Helios*
          *High Income Fund, Inc., Helios Multi-Sector*
          *High Income Fund, Inc., and Helios*
          *Strategic Income Fund, Inc. (formerly RMK*
          *Advantage Income Fund, Inc., RMK High*
          *Income Fund, Inc., RMK Multi-Sector High*
          *Income Fund, Inc., and RMK Strategic*
          *Income Fund, Inc., respectively)*