IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| W. Thomas Small, Jr.,<br><br>       Plaintiff,<br>v.<br>RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman,<br><br>       Defendants. | Case No. 2:13-cv-02654 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE
PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS**

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Regions Financial Corporation ("Regions"), MK Holding, Inc. ("MK Holding"), Morgan Asset Management, Inc. ("MAM"), James C. Kelsoe, Jr. ("Kelsoe"), Brian B. Sullivan ("Sullivan"), Joseph Thompson Weller ("Weller"), Allen B. Morgan ("Morgan"), and J. Kenneth Alderman ("Alderman") (collectively "Defendants") respectfully submit this memorandum in support of their Motion to Strike and/or Dismiss Plaintiff's First and Second Amended Complaints.

**PRELIMINARY STATEMENT**

Plaintiff has filed a Second Amended Complaint well outside the purview of the leave to amend granted by this Court. Specifically, Plaintiff has filed a Second Amended Complaint that

asserts new never-before-seen claims against Defendants that were dismissed from this action in the Court's order on Defendants' motion to dismiss. These newly asserted claims were not part of Plaintiff's proposed amended complaint previously provided to this Court and are a clear abuse of the leave this Court granted Plaintiff to amend his complaint.

Moreover, Plaintiff actually filed his Second Amended Complaint without leave of the Court or Defendants' consent. While Plaintiff's First Amended Complaint was filed with leave of the Court, Plaintiff thereafter, in response to arguments from Defendants that the amended complaint did not comply with the Court's order dismissing a vast majority of Plaintiff's claims, filed a Second Amended Complaint. This Second Amended Complaint was filed without leave or consent. Thus, the Second Amended Complaint is due to be dismissed because it was filed in violation of Rule 15, as discussed in more detail below, and because it seeks to add amendments well outside the leave granted by the Court.

Assuming Plaintiff's Second Amended Complaint is not dismissed (it should be), the newly asserted claims nevertheless should be dismissed because they are barred by the applicable 1-year statute of limitations. Plaintiff first asserted his claims back in August 2013 against these same Defendants. Plaintiff has now waited more than one year to assert claims he clearly knew about in 2013 against Defendants he was well aware of. Thus, these claims are time-barred and should be dismissed.

Finally, whether this Court finds the First or Second Amended Complaint to be operative, they are both due to be struck pursuant to Rule 12(f). Indeed, both contain "redundant, immaterial, impertinent, or scandalous" material that should be struck. Plaintiff is required to file a complaint that conforms with Rule 8 that is "a short and plain statement" of Plaintiff's Section

11 and 15 claims and is without immaterial and impertinent allegations relating to funds and documents not at issue.

Based on the foregoing, as outlined in detail below, both Plaintiff's First and Second Amended Complaints are due to be dismissed and/or struck.

## PROCEDURAL HISTORY

On August 22, 2013, Plaintiff filed a 196-page Complaint. *See* Docket Entry 1. In his Complaint, Plaintiff asserted eight different claims against the fourteen named Defendants. Specifically, Plaintiff asserted Counts I-III for claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 ("1933 Act"), regarding purported misrepresentations and omissions contained in the RMK Multi-Sector High Income Fund's offering documents. Plaintiff's Counts IV and V purported to allege claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("1934 Act"), relating to the annual, semiannual, and quarterly reports filed by all four of the RMK Funds at issue. Finally, Plaintiff asserted Counts VI-VIII under the Tennessee Consumer Protection Act, Tennessee Securities Act, and Mississippi Securities Act, respectively.

Defendants filed a Motion to Dismiss Plaintiff's claims on November 12, 2013. *See* Docket Entry 49-50. Thereafter, on January 7, 2014, Plaintiff filed a Motion for Leave to File Amended Complaint and Memorandum of Law in Support. *See* Docket Entry 54. After full briefing on both motions, the Court entered its Order on August 4, 2014. *See* Docket Entry 62. In its Order, the Court dismissed six of Plaintiff's eight claims, including Plaintiff's claims under the Tennessee Consumer Protection Act, Tennessee Securities Act, Mississippi Securities Act, Section 12(a)(2) of the 1933 Act, and Sections 10(b) and 20(a) of the 1934 Act. *Id.* The two surviving claims were Plaintiff's Section 11 claim against RMK Multi-Sector High Income Fund, Inc. ("RHY" or "Multi-Sector Fund"), Morgan Keegan, and the Director Defendants

(Morgan and Alderman) and Plaintiff's Section 15 claim against the Director Defendants (Morgan and Alderman). *Id.* In its Order, the Court found that "Plaintiff's proposed amendments to his Section 11 and 15 claims would not be futile. . . . Plaintiff's Motion for Leave to File Amended Complaint is GRANTED as to his Section 11 and 15 claims under the '33 Act." *Id.* at p. 24.

Thereafter, on September 1, 2014, Plaintiff filed his First Amended Complaint. *See* Docket Entry 63. On September 24, 2014, counsel for Defendants informed Plaintiff's counsel that the First Amended Complaint did not comply with the Court's Order as a substantial majority of the amended Complaint was irrelevant to the surviving claims under Section 11 and 15. *See* Email from K. Eldridge to J. Dunlap (Sept. 24, 2014; 4:43pm), attached hereto as Exhibit A. Ultimately, Plaintiff's counsel provided a proposed Second Amended Complaint; however, Defendants did not consent to its filing. On October 1, 2014, Plaintiff filed his Second Amended Complaint without leave of the Court or Defendants' consent. *See* Docket Entry 64.

## ARGUMENT

I.  **PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED**

   A.  **Plaintiff's Second Amended Complaint Should Be Dismissed Because it was Filed Without Leave of Court or Consent.**

Rule 15(a) of the Federal Rules of Civil Procedure governs amendments to complaints. Specifically, Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). An amendment made without leave of court or written consent of the opposing party is without legal effect and is not properly considered. *Hoover v. Blue Cross & Blue Shield of Alabama*, 855 F.2d 1538, 1544 (11th Cir. 1988) (citing Wright & Miller, Federal Practice and Procedure § 1484 at 421 (1971)); *see also Baxter v. Strickland*, 381 F. Supp. 487, 491, n.4 (N.D. Ga. 1974) (citing same).

Here, Plaintiff filed his Second Amended Complaint without leave of the Court and without Defendants' consent in violation of Rule 15(a)(2). "Although amendments are 'freely given when justice so requires' . . . , the rule is specific that leave of the court must be obtained. That has not been sought here and the pleading, therefore, is without legal effect." *Gaumont v. Warner Bros. Pictures*, 2 F.R.D. 45, 46 (D.N.Y. 1941); *see also Robinson v. Buffaloe & Assocs., PLC*, No. 3:13-CV-0146, 2013 U.S. Dist. LEXIS 110338, at *2 (M.D. Tenn. Aug. 6, 2013) ("[I]f a plaintiff wishes to file an amended complaint after the 21-day grace period, the plaintiff is required to seek leave of court to do so."). Because Plaintiff did not seek leave to file his Second Amended Complaint or receive consent from Defendants, the Second Amended Complaint is without legal effect and, thus, should be dismissed because it violates Rule 15(a) of the Federal Rules of Civil Procedure.

### B. Plaintiff's Second Amended Complaint, if Allowed, is Outside the Scope of the Court's Leave to Amend and Should Be Dismissed as Such.

Notwithstanding the foregoing, the Second Amended Complaint, if covered by the Court's Order of August 4, 2014, should be dismissed for the additional and independent reason that it is well outside the scope of the Court's Order granting permission to amend. Indeed, where portions of an amended complaint exceed the permissible scope of amendment allowed, the appropriate remedy is to dismiss the offending portions of the amended pleading pursuant to Rule 12(f).[1] *See, e.g.*, *Sherwood v. TVA*, No. 3:12-CV-156, 2013 U.S. Dist. LEXIS 54255 (E.D. Tenn. Apr. 17, 2013); *U.F.C.W. Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149 (D.N.J. 2007); *Dover Steel Co. v. Hartford Accident & Indem. Co.,* 151 F.R.D. 570 (E.D. Pa. 1993).

---

[1] Rule 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

In *Index Fund, Inc. v. Hagopian*, 107 F.R.D. 95 (S.D.N.Y. 1985), the court granted plaintiff leave to amend its complaint pursuant to Rule 15(a)(2) to pursue claims of secondary liability. *Hagopian*, 107 F.R.D. at 98. In its amended complaint, however, the plaintiff added never before raised claims of punitive damages. *Id.* "In light of the fact that the plaintiff did not request or receive permission to assert a claim for punitive damages in its amended complaint, the Court grant[ed] the defendants' motion to strike that claim." *Id.*

Like the plaintiff in *Hagopian*, Plaintiff's Second Amended Complaint here seeks to add new never-before-seen claims against Defendants and even add Defendants that were dismissed from this case by the Court's August 4, 2014 Order. Specifically, Plaintiff's Second Amended Complaint seeks to add a Section 11 claim against Carter E. Anthony ("Anthony"), as well as Section 15 claims against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, Weller, and Anthony. Yet, the proposed amended complaint, upon which the Court relied in granting Plaintiff leave to amend, does not assert a Section 11 claim against Anthony or Section 15 claims against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, Weller, or Anthony. *See* Docket Entry 54-1, at pp. 185, 189. In fact, the first paragraph of Plaintiff's motion for leave to amend makes clear that "[t]he new complaint maintains the counts and allegations against the same defendants from the original complaint." Docket Entry 54, at p. 1. These amendments in the recently-filed amended complaint far exceed not only the leave requested but also any reasonable construction of the scope of leave under the Order granting Plaintiff permission to file an amended complaint. *See* Docket Entry 62.

Based on the foregoing, Plaintiff's newly added claims against Defendants Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, and Weller should be dismissed.

### C. Plaintiff's Newly Added Claims in His Second Amended Complaint are Barred by the Applicable Statute of Limitations.

If Plaintiff's Second Amended Complaint is found to be operative despite the foregoing arguments, Plaintiff's newly added claims against Defendants should be dismissed as barred by the applicable statute of limitations. Pursuant to the Securities Act of 1933, "[n]o action shall be maintained to enforce any liability created under section 11 . . . unless brought within one year after the discovery of the untrue statement or the omission, or after such discovery should have been made by the exercise of reasonable diligence." 15 U.S.C. § 77m. As Section 15 relates directly to Section 11, it is also controlled by a one-year, inquiry notice statute of limitations. *See Rowe v. Marietta Corp.*, 955 F. Supp. 836, 839 (W.D. Tenn. 1997).

Plaintiff's original Complaint was filed on August 22, 2013. *See* Docket Entry 1. Therein, Plaintiff asserted a Section 15 claim against the Director Defendants (Morgan and Alderman) only. *Id.* While Plaintiff asserted various claims against Defendants Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, and Weller, Plaintiff did not assert a Section 15 claim against these Defendants. As Plaintiff's original Complaint was filed on August 22, 2013, Plaintiff was clearly aware of the facts giving rise to his claims by such date. Accordingly, Plaintiffs' claims under the 1933 Act expired under the one-year statute of limitations no later than August 22, 2014 – which is before the filing of Plaintiff's Second Amended Complaint. As a result, Plaintiff's newly asserted Section 15 claim against Defendants Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan is time-barred and, thus, should be dismissed.

## II. PURSUANT TO RULE 12(f), PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS SHOULD BE STRUCK

A motion to strike, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, should be granted when the allegations in the pleading are "redundant, immaterial, impertinent, or scandalous." *See Overnite Transp. Co. v. Int'l Bhd. of Teamsters*, 168 F. Supp. 2d 826, 850 (W.D. Tenn. 2001) (granting motion to strike allegations of past misconduct as immaterial to the pleadings). Impertinent statements are those "that do not pertain, and are not necessary, to the issues in question." Wright and Miller, Federal Practice and Procedure Civil 3d § 1382 (2004). A pleading of impertinent material, which is not necessary to a presentation of the plaintiff's legal position, will not be tolerated. *Phipps v. Armour*, 335 F. Supp. 768, 770 (E.D. Tenn. 1971).

Typically, in response to a motion to strike, only offending portions of the pleading are removed; however, when, as here, "a great deal of judicial energy would have to be devoted to eliminating the unnecessary matter and restructuring the pleading," the entire pleading may be struck. *See Hardin v. American Elec. Power*, 188 F.R.D. 509, 511 (S.D. Ind. 1999). Indeed, Rule 8 of the Federal Rules of Civil Procedure requires that a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." *Roberto's Fruit Market, Inc. v. Schaffer*, 13 F. Supp. 2d 390, 395 (E.D.N.Y. 1998) (quoting *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988)).

Assuming Plaintiff's Second Amended Complaint is dismissed in its entirety, Plaintiff's First Amended Complaint – should it become the operative pleading – should be struck in total pursuant to Rule 12(f). As noted above, a substantial majority of Plaintiff's First Amended Complaint is irrelevant to Plaintiff's surviving Section 11 and 15 claims. In just the first 20 pages

of the 196-page complaint, Defendants noted a number of significant issues that make it impossible for this case to proceed under the First Amended Complaint in light of this Court's prior ruling, including:

- Opening Paragraph (pg. i) states that Plaintiff is asserting claims against RMH, RSF, RMA, RHY, and "the other Defendants named herein." The surviving Section 11 and 15 claims, however, are against only Morgan Keegan, RHY, Alderman, and Morgan.

- Paragraph 1 alleges the case is about <u>four</u> closed-end mutual funds and identifies Regions as a Defendant.

- Paragraph 2 says the action is brought on the publicly traded securities of RMH, RSF, and RMA – all of which were dismissed.

- Paragraphs 3 alludes to issues with valuation, which is irrelevant to the remaining claims under Section 11 and 15.

- Paragraph 4 continues to allege problems with all 4 funds that are irrelevant to Section 11 and 15 claims that arise solely from the RHY offering materials.

- Paragraphs 5-38 continue to refer to RMH, RSF, and RMA and others as "Defendants" when they are no longer Defendants to this action. The factual allegations contained in these sections are also largely irrelevant to Plaintiff's Section 11 and 15 claims.

- Paragraph 39 incorrectly alleges that the claims asserted arise under Sections 12(a)(2) of the 1933 Act and Sections 10(b) and 20(a) of the 1934 Act. These claims have been dismissed.

- Paragraphs 44-60 purport to identify the Defendants but instead include a host of prior defendants who have been dismissed from this action. As noted above, the only remaining defendants are Morgan Keegan, RHY, Alderman, and Morgan.

This pattern continues throughout the First Amended Complaint, including, but not limited to, significant sections dedicated to allegedly false and misleading statements in materials that do not form the basis of Plaintiff's Section 11 and 15 claims. Specifically, Plaintiff's First Amended Complaint devotes some 65 paragraphs and more than 20 pages to detailing certain alleged misstatements contained in the Funds' annual and semi-annual reports and quarterly reports of portfolio holdings. Plaintiff's Section 11 and 15 claims, however, arise solely and exclusively from purported misrepresentations and omissions contained in the Multi-Sector Fund's Offering

03060090.5                                                9

Documents.[2] Thus, subsequent reports relating to the Multi-Sector Fund (and much less the other RMK Funds not at issue) are completely irrelevant to Plaintiff's surviving claims.

Given that the substantial majority of Plaintiff's First Amended Complaint is irrelevant to his surviving Section 11 and 15 claims, the First Amended Complaint should be struck pursuant to Rule 12(f) and Rule 8. *Hardin*, 188 F.R.D. at 511; *cf. Bolton v. United States*, No. 2:12-CV-3031, 2013 U.S. Dist. LEXIS 108024, at *5 (W.D. Tenn. 2013) ("A defense may be insufficient under Rule 12(f) if it fails to meet the pleading requirements governed by Rule 8 of the Federal Rules of Civil Procedure."). Holding otherwise would subject Defendants to the daunting task of responding to a 196-page complaint, the majority of which is totally irrelevant to Plaintiff's surviving Section 11 and 15 claims. Plaintiff has no justification for placing such undue burden on the Defendants and, therefore, should, at a minimum, be required to conform his claims to those that this Court has allowed to proceed.

Likewise, if Plaintiff's Second Amended Complaint is found to be operative, it too contains "redundant, immaterial, impertinent, or scandalous" material and should be struck pursuant to Rule 12(f). Plaintiff's Second Amended Complaint is 131 pages and contains more than 300 paragraphs; yet, Plaintiff's sole claims are based only on purported misrepresentations and omissions contained in the RMK Multi-Sector High Income Fund's offering documents. Indeed, Plaintiff admits in the Second Amended Complaint that this action is brought "on the publicly traded securities of the RMK Multi-Sector Fund, pursuant or traceable to the Registration Statement, Prospectus, and Statement of Additional Information . . . filed by RHY on or about January 19, 2006." *See* 2nd Am. Compl. (Dkt. No. 64), ¶ 4. Yet, even a cursory

---

[2] "Offering Documents" refers to the Funds' Registration Statements, including, without limitation, Prospectuses, Statements of Additional Information, and any information incorporated by reference therein.

review of Plaintiff's Second Amended Complaint reveals page after page of allegations related to RMK Funds not at issue and documents other than the RHY offering materials. *See, e.g.*, *id.* at p. 7, n.10 (relying on Form 497 for Funds not at issue); *id.* at pp. 32-39 (containing pages of tables of allegedly false asset classifications made by the Funds (including those not at issue) in filings other than the RHY offering documents at issue); *id.* at pp. 73-74 (making allegations of unreliable and restated financial statements that, again, are completely irrelevant to the RHY offering documents at issue). Requiring Defendants to respond to such immaterial allegations that total more than 131 pages is unduly burdensome and is exactly what Rule 12(f) seeks to prevent. Based on the foregoing, should Plaintiff's Second Amended Complaint be held to be the operative complaint, it should be struck and Plaintiff should be required to file a complaint in accordance with Rule 8 that contains "a short and plain statement" of Plaintiff's surviving Section 11 and 15 claims.

## CONCLUSION

For the reasons set forth herein, Defendants respectfully request that the Court strike and/or dismiss Plaintiff's First and Second Amended Complaints and order Plaintiff to file a complaint in compliance with the Court's Order of dismissal.

Respectfully submitted this 28th day of October, 2014.

*s/ Peter S. Fruin*
Peter S. Fruin

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

        Counsel for Defendants
Morgan Keegan & Company, Inc., Regions
Financial Corporation, MK Holding, Inc.,
Morgan Asset Management, Inc., James C.
Kelsoe, Jr., Brian B. Sullivan, Joseph
Thompson Weller, Allen B. Morgan, and J.
Kenneth Alderman

**OF COUNSEL:**

Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
mbrady@bassberry.com

## **CERTIFICATE OF SERVICE**

   The undersigned attorney hereby certifies that on October 28, 2014 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com

James A. Dunlap, Jr.
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
(404) 354-2363
(404) 745-0195 (fax)
jim@jamesdunlaplaw.com

*Counsel for Plaintiffs*


Kevin C. Logue
Kevin P. Broughel
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6039
(212) 230-7620 (fax)
kevinlogue@paulhastings.com
kevinbroughel@paulhastings.com

*Counsel for Defendant RMK Multi-Sector High Income Fund, Inc.*

R. Harold Meeks , Jr.
**JAMES BATES BRANNAN GROVER LLP**
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
hmeeks@jamesbatesllp.com

*Counsel for Defendant Carter E. Anthony*

       *s/ Peter S. Fruin*
       OF COUNSEL