IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| W. THOMAS SMALL, JR., | ) CASE NO. 2:09-md-02009-SHM |
| Plaintiff, | ) CASE NO. 2:13-cv-02654 |
| v. | ) |
| RMK HIGH INCOME FUND, INC., et al., | ) |
| Defendants. | ) |
| _____ | ) |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS AND MOTIONS TO STRIKE

### INTRODUCTION

Plaintiff W. Thomas Small Jr. ("Plaintiff") files this Objection to Defendants Motions to Dismiss and Motions to Strike [Docs. 65, 67] as follows:

### PROCEDURAL HISTORY

After exchanging emails with Defendants' counsel, Plaintiff's attorney understood he had reached an understanding with the consent of Defendants' counsel to file an amended Complaint without need of a formal motion (as the court had already granted Plaintiff's Motion to File an Amended Complaint) [Order, Doc. 62 ].

On or about September 16, 2014, Plaintiff and Defendants met and conferred via email, after which Defendants were provided an advance copy of the proposed First Amended Complaint. As of the time of filing, on October 1, 2014 Plaintiffs' counsel understood that Defendants consented to the filing of an amended Complaint. After making some corrections and clarifications to the first draft of an Amended Complaint, Plaintiff's counsel understood that Defendants consented to Plaintiff filing a "corrected" Second Amended Complaint. See Exhibit A

(email exchange between Defendant's counsel Peter Fruin and Plaintiff's counsel).  However, Defendants have since voiced objection in the form of Motions to Dismiss and Motions to Strike. [Docs. 65, 67].  Accordingly, out of an abundance of caution, Plaintiff now seeks the Court's leave to amend, which should be granted for the reasons set forth below, in addition to what Plaintiff submits was written permission by Defendants to file an amended Complaint.

On August 22, 2013, Plaintiff filed a complaint alleging, *inter alia*, violations of federal and state securities laws.  [Doc. 1].  Plaintiff's original Complaint previously alleged control person status against *inter alia* Defendants Morgan Keegan [Doc. 1 ¶ 50, 60, 505, 506, 509], Regions [Doc. 1 ¶ 1, 48, 60, 505, 506, 509], MK Holding [Doc. 1 ¶ 49, 60, 505, 506, 509], MAM [Doc. 1 ¶ 51, 60, 505, 506, 508, 509], James Kelsoe [Doc. 1 ¶ 52, 60, 505, 506, 509], Brian Sullivan [Doc. 1 ¶ 54, 60, 505, 506, 509], Joseph Weller [Doc. 1 ¶ 55, 60, 505, 506, 509], Allen Morgan [Doc. 1 ¶ 57, 60, 505, 506, 509], Carter Anthony [Doc. 1 ¶ 53, 60, 505, 506, 509], Kenneth Alderman [Doc. 1 ¶ 58, 60, 505, 506, 509].  Plaintiff further alleged that Defendants "violated the Securities Act by reason of the acts and omissions alleged herein."  [Doc. 1, Section XII. A.]. The Court previously ruled that Plaintiff's Section 15 claims were tolled and could proceed. [Doc. 62, p. 24].

Plaintiff's First Amended Complaint alleged control person status and liability against Defendants Morgan Keegan [Doc. 63 ¶ 60, 505, 506, 509], Regions Financial Corporation ("RFC") [Doc. 63 ¶ 1, 5, 48, 60, 505, 506, 509], MK Holding [Doc. 63 ¶ 60, 505, 506, 509], Morgan Asset Management ("MAM") [Doc. 63 ¶ 51, 60, 505, 506, 508, 509], James Kelsoe [Doc. 63 ¶ 52, 60, 505, 506, 509], Brian Sullivan [Doc. 63 ¶ 54, 60, 505, 506, 509], and Joseph Weller [Doc. 63 ¶ 55, 60, 425, 505, 506, 509], Allen Morgan [Doc. 63 ¶ 57, 60, 505, 506, 509], Carter Anthony [Doc. 63 ¶ 53, 60, 505, 506, 509], Kenneth Alderman [Doc. 63 ¶ 58, 60, 505, 506, 509]

and alleged that Defendants "violated the Securities Act by reason of the acts and omissions alleged herein." [Doc. 63, Section XII. A.].

Plaintiff's Second Amended Complaint alleges control person status and liability against Defendants Morgan Keegan [Doc. 64 ¶¶ 44, 54, 305-309], RFC [Doc. 64 ¶¶ 1, 43, 54, 305-309], MK Holding [Doc. 64 ¶¶ 43, 54, 305-309], MAM [Doc. 64 ¶¶ 45, 54, 305-309], James Kelsoe [Doc. 64 ¶¶ 46, 54, 305-309], Brian Sullivan [Doc. 63 ¶ 48, 60, 505, 506, 509], Weller [Doc. 64 ¶¶ 49, 54, 305-09], Allen Morgan [Doc. 64 ¶ 51, 54, 57, 60, 505, 506, 509], Carter Anthony [Doc. 64 ¶ 47, 53, 54, 60, 305, 506, 509], Kenneth Alderman [Doc. 64 ¶ 52, 54, 58, 60, 505, 506, 509] and alleges that Defendants "violated the Securities Act by reason of the acts and omissions alleged herein." [Doc. 64, Section XII. A.].

Defendants filed Motions to Dismiss under Federal Rules of Civil Procedure 12(b)(6). [Docs. 48, 49, 50]. The Court denied Defendants' Motion to Dismiss as to Plaintiff's Section 11 and Section 15 claims. [Doc. 62, p. 24 ]. The Court granted Plaintiff's Motion to file an amended Complaint. [Doc. 62, p. 24 ]. Plaintiff filed a First Amended Complaint. [Doc. 63]. Defendants communicated with Plaintiff their contention that Plaintiff's First Amended Complaint was deficient in various ways, *inter alia*, that it still listed certain Defendant mutual funds against whom claims had been dismissed. Plaintiff's counsel understood from written communication with Defendants' counsel that Plaintiff could file a Second Amended Complaint containing Section 11 and Section 15 claims with Defendants' consent. See Exhibit A. With the understanding the Defendants had provided written consent, Plaintiff filed his Second Amended Complaint. [Docs. 64]. Defendants have filed a additional Motions to Dismiss and a Motions to Strike. [Docs. 65, 67 ]. Defendants have not filed Answers in this case.

Out of an abundance of caution, Plaintiff has now respectfully moved the Court, pursuant

to Rule 15 of the Federal Rules of Civil Procedure, for leave to file a Second Amended Complaint [Doc. 64]. Plaintiff's amended Complaint maintains only Section 11 and Section 15 claims as per the Court's Order on Defendants' previous Motion to Dismiss.

## ARGUMENT

### I. PLAINTIFF HAS MET THE STANDARD FOR OBTAINING LEAVE TO FILE AN AMENDED COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 15.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[1] The decision whether to grant leave to amend a pleading is within the sound discretion of the district court,[2] but as this Court has aptly recognized, "this discretion is strictly circumscribed by the proviso that 'leave [should] be freely given when justice so requires.'"[3] Therefore, a justifying reason must be apparent for denial of a motion to amend.[4] "Unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial."[5]

In light of the significant factual complexities of this case, good cause for amending the Complaint is immediately apparent. Defendants will in no way be prejudiced if the changes are allowed at this point in the proceedings. Furthermore, there is no apparent reason for denying the

---

[1] As no scheduling order has been issued in this case, Federal Rule of Civil Procedure 16(b), which governs modifications to pretrial scheduling orders, is not applicable.

[2] *Florida Foundation Seed Producers, Inc. v. Georgia Farms Services, LLC*, No. 1:10-CV-125, 2012 WL 4840809, at *21 (M.D. Ga. Sept. 28, 2012) (Sands, J.) (citing *Nat'l. Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 249 (11th Cir. 1982)).

[3] Id. (quoting *Gramegna v. Johnson*, 846 F.2d 675, 678 (11th Cir. 1988)).

[4] Id. (citing *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993)). A court may consider such factors as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of the amendment. Id. (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

[5] Id. (citing *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989) (internal quotation marks omitted)).

motion to amend, as none of the factors that may militate against it is present in this case. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion. None of the factors that may militate against granting a motion to amend is present in this case. Plaintiff moved swiftly to file these papers once the Supreme Court's ruling issued and administrative proceedings resumed. Thus, there is no undue delay in Plaintiff's request to amend. Plaintiff is not seeking the amendment in bad faith or with a dilatory motive. The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before the Court as set forth in Plaintiff's proposed amended complaint. The amendments are narrowly tailored to reflect Plaintiff's present understanding of the case. In so doing, the action can more effectively proceed on the merits. Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment.

The determination of whether prejudice would occur often includes assessing whether allowing an amendment would result in additional discovery, cost, and preparation to defend against new facts or new theories. Defendants cannot be prejudiced, or caught off guard, by the new facts alleged by the Commission in the proposed amendment, since the Defendants have first-hand knowledge of the roles that they played in the transaction at issue and the appellate proceedings described therein. The proposed amended complaint does not involve the addition of any new defendants, set forth any new claims, or raise any new legal theories. No prejudice would result to Defendants in allowing the amendment under these circumstances.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible.  Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper. Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended

complaint. The grant of this motion is particularly appropriate here, given the clear absence of any substantial reason to deny leave to amend.

## II. PLAINTIFF MAINTAINS SECTION 11 AND SECTION 15 CLAIMS.

Plaintiff's amended Complaint contains only Section 11 and Section 15 claims which were allowed to be advanced pursuant to this Court's Order. [Doc. 62]. Plaintiff's original Complaint, First Amended Complaint, and Second Amended Complaint all have alleged control person status and liability against Defendants Morgan Keegan, RFC, MK Holding, MAM, James Kelsoe, Brian Sullivan, Joseph Weller, Allen Morgan, Carter Anthony, and Kenneth Alderman. Plaintiff further alleged that Defendants "violated the Securities Act by reason of the acts and omissions alleged herein." See Procedural History, *supra*. The Court previously ruled that Plaintiff's Section 11 and Section 15 claims were tolled and could proceed. [Doc. 62, p. 24].

## III. PLAINTIFF'S AMENDED COMPLAINT DOES NOT CONTAIN "REDUNDANT, IMMATERIAL, IMPERTINENT, OR SCANDALOUS" MATERIAL.

Plaintiff's Second Amended Complaint asserts Plaintiff's allowed Section 11 and 15 claims and references to all the RMK Funds, including mutual funds that are not a party to this action, are still relevant as all the RMK Funds, <u>including Defendant RMK Multi-Sector High Income Fund ("RHY Fund"),</u> were knowingly managed and controlled by Defendants in the "same" illegal manner and under "similar" illegal disclosures such that all the RMK Funds, including RHY, violated Section 11 of the Securities Act. [Original Complaint, Doc. 1 ¶¶ 24, 420; First Amended Complaint, Doc. 63 ¶¶ 24, 437; Second Amended Complaint, Doc. 64 ¶21, 261]. Plaintiff's allegations and references to all the RMK Funds (and not just RHY) are highly relevant to provide evidence of Defendants' actual and constructive knowledge of Section 11 violations in RHY. Therefore, Plaintiff's Second Amended Complaint does not include any "redundant, immaterial,

impertinent, or scandalous" material that should be struck.

## CONCLUSION

For the reasons identified above, the Plaintiff requests that the Court grant Plaintiff's motion for leave to file the Plaintiff's Second Amended Complaint.

Dated: November 5, 2014.

**s/James A. Dunlap Jr.**
James A. Dunlap Jr., Esq.
**JAMES A. DUNLAP JR. & ASSOC. LLC**
Georgia State Bar No. 003280
310 Windsor Gate Cove NE
Atlanta, Georgia  30342
404-354-2363
404-745-0195 (fax)
jim@jamesdunlaplaw.com

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
Counsel for Plaintiffs

# EXHIBIT A

# James Dunlap

| | |
|---|---|
| **From:** | Peter Fruin <PFruin@maynardcooper.com> |
| **Sent:** | Friday, September 26, 2014 11:40 AM |
| **To:** | James Dunlap |
| **Cc:** | Katy Eldridge; Katie Bushby |
| **Subject:** | Re: Small |

Corrected is fine.

Sent from my iPhone

On Sep 26, 2014, at 10:36 AM, "James Dunlap" <jim@jamesdunlaplaw.com> wrote:

> Katy--
>
> Shall I just file the "corrected" First Amended Complaint or do you want me to file it under a motion?  Jim.
>
> James A. Dunlap Jr., Esq.
> James A. Dunlap Jr. & Associates LLC
> 310 Windsor Gate Cove NE
> Atlanta,  Georgia   30342
> 404-354-2363
> 404-745-0195 (fax)
> jim@jamesdunlaplaw.com
>
> NOTICE:  Licensed in Georgia.  James A. Dunlap Jr. & Associates LLC is a Georgia Limited Liability Company.  This communication may contain privileged or other confidential information. If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, retransmit, disseminate, or otherwise use the information. Also, please indicate to the sender that you have received this communication in error, and delete the copy you received. Thank you.
>
> IRS CIRCULAR 230 DISCLOSURE: Unless explicitly stated to the contrary, this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
>
> **From:** Katy Eldridge [mailto:KEldridge@maynardcooper.com]
> **Sent:** Wednesday, September 24, 2014 5:50 PM
> **To:** James Dunlap
> **Cc:** Peter Fruin; Katie Bushby
> **Subject:** RE: Small
>
> Thanks, Jim!
>
> **From:** James Dunlap [mailto:jim@jamesdunlaplaw.com]
> **Sent:** Wednesday, September 24, 2014 4:48 PM
> **To:** Katy Eldridge
> **Cc:** Peter Fruin; Katie Bushby
> **Subject:** Re: Small
>
> Katy--
>
> Let me review the Complaint and I wi advise.
>
> Thanks. Jim.
>
> On Sep 24, 2014, at 5:42 PM, Katy Eldridge <KEldridge@maynardcooper.com> wrote:

Hey Jim-

We have reviewed the Amended Complaint and are writing to request that you further Amend it so that it is in compliance with the Court's Order, which it is not at this time.  Specifically, the substantial majority of the Amended Complaint is irrelevant to the surviving claims under Section 11 and 15. For example, below are certain issues we've identified just in the first 20 pages:

- Opening Paragraph (pg. i) states that Small is asserting claims against RMH, RSF, RMA, RHY, and "the other Defendants named herein." The surviving Section 11 and 15 claims, however, are against only Morgan Keegan, RHY, Alderman, and Morgan.

- Paragraph 1 alleges the case is about <u>four</u> closed-end mutual funds and identifies RFC as a Defendant.

- Paragraph 2 says the action is brought on the publicly traded securities of RMH, RSF, and RMA – all of which were dismissed.

- Paragraphs 3 alludes to issues with valuation, which is irrelevant to the remaining claims under Section 11 and 15.

- Paragraph 4 continues to allege problems with all 4 funds that are irrelevant to Section 11 and 15 claims that arise solely from the RHY offering materials.

- Paragraphs 5-38 continue to refer to RMH, RSF, and RMA and others as "Defendants" when they are no longer Defendants to this action. The factual allegations contained in these sections are also largely irrelevant to Plaintiff's Section 11 and 15 claims.

- Paragraph 39 incorrectly alleges that the claims asserted arise under Sections 12(a)(2) of the 1933 Act and Sections 10(b) and 20(a) of the 1934 Act. These claims have been dismissed.

- Paragraphs 44-60 purport to identify the Defendants but instead include a host of prior defendants who have been dismissed from this action. As noted above, the only remaining defendants are Morgan Keegan, RHY, Alderman, and Morgan.

This pattern continues throughout the Complaint, including, but not limited to, significant sections dedicated to allegedly false and misleading statements in materials that do not form the basis of the Section 11 and 15 claims.

Before involving the Court, we wanted to reach out to you to see if you would file a Second Amended Complaint that comports with the Order on Defendants' Motion to Dismiss in this matter. We would appreciate your prompt response and look forward to hearing from you soon.

Thanks!
Katy
<image001.gif>

[Kathryn Roe Eldridge](Kathryn Roe Eldridge)
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, AL 35203
Direct: 205-254-1205
Fax: 205-714-6483
[www.maynardcooper.com](www.maynardcooper.com)


Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its

attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4765 / Virus Database: 4025/8270 - Release Date: 09/25/14


Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

No virus found in this message.
Checked by AVG - www.avg.com
Version: 2014.0.4765 / Virus Database: 4025/8277 - Release Date: 09/26/14

# CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2014, a copy of the foregoing document(s) was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

Kevin C. Logue
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6039
(212) 230-7620 (fax)
keviulogue@paulhastings.com
*Counsel for Defendants RMK High Income Fund, Inc., RMK Strategic Income Fund. Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc.*

PeterS. Fruin
**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com

Shepherd D. Tate
Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
state@bassberry.com
mbrady@bassberry.com
*Counsel for James C. Kelsoe, Jr., Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman*

R. Harold Meeks Jr.
JAMES-BATES-BRANNAN-GROOVER-LLP

3399 Peachtree Road, NE Suite 1700
Atlanta, Georgia 30326
Telephone: (404) 997-6020
Facsimile: (404) 997-6021
hmeeks@jamesbatesllp.com
*Counsel for Defendant Carter Anthony*

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com
*Counsel for Plaintiff*

**s/James A. Dunlap Jr.**
James A. Dunlap Jr., Esq.