IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| W. Thomas Small, Jr., <br><br>  Plaintiff, <br><br>v. <br><br>RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, <br><br>  Defendants. | Case No. 2:13-cv-02654 |

## DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS AND/OR STRIKE PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS

Defendants Morgan Keegan & Company, Inc. ("Morgan Keegan"), Regions Financial Corporation ("Regions"), MK Holding, Inc. ("MK Holding"), Morgan Asset Management, Inc. ("MAM"), James C. Kelsoe, Jr. ("Kelsoe"), Brian B. Sullivan ("Sullivan"), Joseph Thompson Weller ("Weller"), Allen B. Morgan ("Morgan"), and J. Kenneth Alderman ("Alderman") (collectively "Defendants") respectfully submit this reply in support of their Motion to Strike and/or Dismiss Plaintiff's First and Second Amended Complaints.

### INTRODUCTION

Defendants have moved this Court to dismiss and/or strike Plaintiff's First and Second Amended Complaints based on four separate and distinct arguments: (1) Plaintiff did not

03077867.3

properly seek leave to file his Second Amended Complaint and it should, therefore, be dismissed; (2) even assuming that the Court's grant of leave to amend permits Plaintiff to file a second amended pleading, the claims and allegations in the Second Amended Complaint fall well outside the scope of the permission granted by the Court; (3) if the Second Amended Complaint is found to be operative, the newly asserted claims against Defendants Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan under § 15 of the Securities Act of 1933 (the "1933 Act") should be dismissed as time-barred by the applicable 1-year statute of limitations, and (4) whether this Court finds the First or Second Amended Complaint to be operative, they both should be struck pursuant to Rule 12(f), which provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

In his opposition, Plaintiff fails to meaningfully address any of these arguments. While Plaintiff claims that Defendants consented to the filing of the Second Amended Complaint, that assertion is inaccurate. Likewise, while Plaintiff argues he has not asserted new claims in the Second Amended Complaint, the record is clear that claims under Section 15 had never before been asserted against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan. Beyond the foregoing, Plaintiff simply ignores Defendants' arguments that the Second Amended Complaint should be dismissed or stricken, and instead seeks leave to file an amended complaint, essentially conceding that leave to file the Second Amended Complaint was not properly sought in the first instance.[1]

For those reasons outlined herein and in Defendants' previously filed memorandum of law, this Court should grant Defendant's Motion to Dismiss and/or Strike Plaintiff's First and

---

[1] Contemporaneously with the filing of the instant opposition, Plaintiff filed a motion for leave to file his Second Amended Complaint with this Court. *See* Docket Entry 70. Accordingly, Defendants are filing a separate response to Defendants' request for leave to amend and hereby incorporate such response as if fully set forth herein.

Second Amended Complaints and require Plaintiff to file a complaint in accordance with Rule 8 of the Federal Rules of Civil Procedure that contains "a short and plain statement" of Plaintiff's surviving claims under Sections 11 and 15 of the 1933 Act.

## ARGUMENT

### I. PLAINTIFF'S SECOND AMENDED COMPLAINT SHOULD BE DISMISSED

#### A. Defendants Did Not Consent to the Filing of Plaintiff's Second Amended Complaint.

In their Motion to Dismiss and/or Strike, Defendants argued that the Second Amended Complaint should be dismissed because it was filed without leave of the Court and without Defendants' consent in violation of Rule 15(a)(2) of the Federal Rules of Civil Procedure. In response, Plaintiff argues that he believed he had consent based on an email from Defendants' counsel, Peter Fruin. Plaintiff's counsel, however, ignores the email received from Katy Eldridge two minutes later that asked for a copy of the proposed amended complaint so that Defendants could determine whether or not they had any objection. (*See* Email from K. Eldridge to J. Dunlap (Sept. 26, 2014 at 10:42 a.m.), attached hereto as Exhibit A.) In accordance with Mrs. Eldridge's email, Plaintiff's counsel provided a proposed Second Amended Complaint on September 29, 2014. At no time between receiving the September 29th draft and the filing of the Second Amended Complaint on October 1st did Defendants or their counsel consent to the filing of the Second Amended Complaint. Because Plaintiff did not seek leave to file his Second Amended Complaint or receive consent from Defendants, the Second Amended Complaint is without legal effect and, thus, should be dismissed because it violates Rule 15(a) of the Federal Rules of Civil Procedure.

### B. Plaintiff's Second Amended Complaint Asserts New Impermissible Claims.

Defendants next argued that even if the Second Amended Complaint is found to be covered by the Court's Order of August 4, 2014 granting Plaintiff leave to amend, it should nonetheless be dismissed because it is well outside the scope of the leave granted by the Court's Order. Specifically, the Second Amended Complaint asserts new never-before-seen claims against Defendants (Defendants that were dismissed from this action in the Court's order on Defendants' motion to dismiss), and these newly asserted claims were not part of the proposed amended complaint previously provided to this Court. Plaintiff dances around the issue by citing to sections of the factual background and argument within the Complaint and First Amended Complaint that he alleges raise "control person status" against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, and Weller. However, in direct contrast to what Plaintiff now attempts to do in his Second Amended Complaint, Plaintiff's "Claims for Relief" in the Complaint, the proposed amended complaint, and the First Amended Complaint indisputably asserted a claim under Section 15 against only the Director Defendants:

| Complaint Version | Docket Number | Page Number | Claim for Relief |
|---|---|---|---|
| Original | 1 | 183 | **COUNT III**<br>**For Violations of Section 15 of the Securities Act**<br>**Against the Director Defendants** |
| Proposed Amended | 54-1 | 189 | **COUNT III**<br>**For Violations of Section 15 of the Securities Act**<br>**Against the Director Defendants** |
| First Amended | 63 | 187 | **COUNT II**<br>**For Violations of Section 15 of the Securities Act**<br>**Against the Director Defendants** |

| Second Amended | 64 | 123 | **COUNT II**<br>**For Violations of Section 15 of the Securities Act**<br>**Against Morgan Keegan, MAM, RFC, MK Holding, Officer Defendants, and Director Defendants** |
|---|---|---|---|

Plaintiff cannot reasonably argue he is not asserting new claims or that his Second Amended Complaint complies with the Court's order granting him to leave to amend when the proposed amended complaint attached to his motion did not assert the claims in question.

Based on the foregoing, Plaintiff's newly added claims against Defendants Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, and Weller should be dismissed.

**C.  Plaintiff's Newly Added Claims in His Second Amended Complaint are Barred by the Applicable Statute of Limitations.**

If the Court finds that Plaintiff's Second Amended Complaint is operative despite the foregoing arguments, Plaintiff's newly asserted Section 15 claims against Defendants Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan should be dismissed as barred by the applicable 1-year statute of limitations. Plaintiff offers no response in opposition to this argument. As outlined above, Plaintiff raised claims under Section 15 of the 1933 Act against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan for the first time in the Second Amended Complaint. Because these claims were brought more than one year after the filing of Plaintiff's Complaint – and long after he indisputably knew of the facts giving rise to these claims--these newly asserted claims are time-barred and, thus, should be dismissed.

**II.  PLAINTIFF'S FIRST AND SECOND AMENDED COMPLAINTS SHOULD BE STRUCK PURSUANT TO FED. R. CIV. P. 12(f)**

Plaintiff fails to respond in any meaningful way to Defendants' argument that both Plaintiff's First and Second Amended Complaints should be struck pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Plaintiff's sole claims are based only on purported misrepresentations and omissions contained in the RMK Multi-Sector High Income Fund's

offering documents. Yet, Plaintiff's First and Second Amended Complaints contain substantial allegations relating to false and misleading statements in materials *other* than the RHY offering documents. Plaintiff fails to provide any argument as to why such allegations would be relevant and how such material is not "redundant, immaterial, impertinent, or scandalous."

Plaintiff instead relies on the conclusory argument that information relating to all four RMK Funds is necessary and relevant to his Section 11 claims, which, again, only involve one fund. This naked argument wholly fails to negate the overwhelming evidence presented in Defendants' memorandum of law in support of their motion to dismiss and/or strike that both the First and Second Amended Complaints contain material that is "redundant, immaterial, impertinent, or scandalous." For those reasons outlined in detail in Defendants' memorandum of law – arguments to which Plaintiff has completely failed to respond, Plaintiff's First and Second Amended Complaints should be struck pursuant to Rule 12(f).

## CONCLUSION

For the reasons set forth herein and in Defendants' Memorandum of Law in Support of Motion to Dismiss and/or Strike, Defendants respectfully request that the Court strike and/or dismiss Plaintiff's First and Second Amended Complaints and order Plaintiff to file a complaint in compliance with the Court's Order of dismissal.

Respectfully submitted this 19th day of November, 2014.

*s/ Peter S. Fruin*
Peter S. Fruin
Kathryn R. Eldridge
Kathryn J. Bushby

                                            **MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com
keldridge@maynardcooper.com
kbushby@maynardcooper.com

Counsel for Defendants
Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman

**OF COUNSEL:**

Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
mbrady@bassberry.com

03077867.3                                   7

## CERTIFICATE OF SERVICE

  The undersigned attorney hereby certifies that on November 19, 2014 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com

James A. Dunlap, Jr.
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
(404) 354-2363
(404) 745-0195 (fax)
jim@jamesdunlaplaw.com

*Counsel for Plaintiffs*


Kevin C. Logue
Kevin P. Broughel
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6039
(212) 230-7620 (fax)
kevinlogue@paulhastings.com
kevinbroughel@paulhastings.com

*Counsel for Defendant RMK Multi-Sector High Income Fund, Inc.*

R. Harold Meeks , Jr.
**JAMES BATES BRANNAN GROVER LLP**
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
hmeeks@jamesbatesllp.com

*Counsel for Defendant Carter E. Anthony*

          *s/ Peter S. Fruin*
          OF COUNSEL