IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| In re REGIONS MORGAN KEEGAN ) <br> SECURITIES, DERIVATIVE and ERISA ) <br> LITIGATION ) <br> ) <br> This Document Relates to: ) <br> W. THOMAS SMALL, JR., ) <br> ) <br>     Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> RMK HIGH INCOME FUND, INC., et ) <br> al., ) <br> ) <br>     Defendants. ) <br> ) <br> No. 2:13-cv-02654-SHM-dkv ) <br> ) <br> ) | No. 2:09-2009 SHM V |

---

**ORDER**

---

Before the Court are the Individual[1] Defendants and the Fund[2] Defendants' (collectively, the "Movants") October 28, 2014

---

[1] The "Individual Defendants" are Morgan Keegan & Company, Inc. ("Morgan Keegan"), Regions Financial Corporation ("Regions"), MK Holding, Inc. ("MK Holding"), Morgan Asset Management, Inc. ("MAM"), James C. Kelsoe, Jr. ("Kelsoe"), Brian B. Sullivan ("Sullivan"), Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman.

[2] The "Fund Defendants" or the "Funds" are RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Fund, Inc., and RMK Multi-Sector High Income Fund, Inc. The names of the Funds in this action were changed to Helios High Income Fund, Inc., RMK Strategic Income Fund, Inc., Helios Advantage Fund, Inc., and Helios Multi-Sector High Income Fund, Inc. after the Funds were acquired by Hyperion Brookfield Asset Management, Inc. on July 29, 2008.

Motions to Dismiss (the "Motions to Dismiss") and Plaintiff W. Thomas Small, Jr.'s ("Small") November 5, 2014 Motion for Leave to File Second Amended Complaint (the "Motion for Leave"). (Indiv. Mot., ECF No. 65; Funds Motion, ECF No. 67; Small Motion ECF No. 70.) Small responded to the Motions to Dismiss on November 5, 2014. (ECF No. 69.) The Individual Defendants replied in support of the Motions to Dismiss on November 19, 2014. (ECF No. 74.) Defendant Carter Anthony ("Anthony") and the Individual Defendants responded to the Motion for Leave on November 19, 2014. (ECF Nos. 73, 75.)

For the following reasons, the Motions to Dismiss and Motion for Leave are DENIED. Small is GRANTED leave to file a Third Amended Complaint.

## I. Standard of Review

Small seeks leave to file a Second Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). (Small Motion at 1.) "Although the rule encourages courts to give leave to amend 'when justice so requires,' courts need not give leave to amend when doing so would be futile." SFS Check, LLC v. First Bank of Delaware, 774 F.3d 351, 355 (6th Cir. 2014) (citing Fed. R. Civ. P. 15(a)(2)). "Amending would be futile if a proposed amendment would not survive a motion to dismiss." Id.

In addressing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pled factual allegations as true. Wesley v. Campbell, 779 F.3d 421, 428 (6th Cir. 2015). A plaintiff can support a claim "by showing any set of facts consistent with the allegations in the complaint." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 563 (2007). This standard requires more than bare assertions of legal conclusions. Z Technologies Corp. v. Lubrizol Corp., 753 F.3d 594, 597 (6th Cir. 2014). "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Any claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." SFS Check, 774 F.3d at 355. "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Keys v. Humana, Inc., 684 F.3d 605, 608 (6th Cir. 2012) (citing Twombly, 550 U.S. at 555.)

Nonetheless, a complaint must contain sufficient facts "to 'state a claim to relief that is plausible on its face'" to survive a motion to dismiss. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). "This plausibility standard is not akin to a 'probability

3

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 1949 (citation omitted). A plaintiff with no facts and "armed with nothing more than conclusions" cannot "unlock the doors of discovery." Id. at 1950.

Movants move the Court to strike the First Amended Complaint and the Second Amended Complaint. Federal Rule of Civil Procedure 12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Operating Engineers Local 324 Health Care Plan v. G & W Const. Co., 783 F.3d 1045, 1050 (6th Cir. 2015) (citing Fed. R. Civ. P. 12(f)). "What constitutes an insufficient defense under Rule 12(f) depends upon the nature of the affirmative pleader's claim for relief and the particular defense that is in question." Bolton v. United States, 2013 WL 3965427, at *2 (W.D. Tenn. Aug. 1, 2013) (internal citations omitted).

"Motions to strike are viewed with disfavor and are not frequently granted." Operating Engineers, 783 F.3d at 1050. "According to the case law of this circuit, the 'action of striking a pleading should be used sparingly by the courts.'" Anderson v. United States, 39 F. App'x 132, 135 (6th Cir. 2002)

4

(citing Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir. 1953)).  "It is a drastic remedy to be resorted to only when required for the purposes of justice" and when "the pleading to be stricken has no possible relation to the controversy."  Brown, 201 F.3d at 822.

## II. Analysis

On August 4, 2014, the Court granted Small's January 7, 2014 Motion for Leave to File Amended Complaint as to his claims brought under 15 U.S.C. § 77k ("Section 11") and 15 U.S.C. § 77o ("Section 15").  (ECF No. 62.)  On September 1, 2014, Small filed his First Amended Complaint.  (ECF No. 63.)  On October 1, 2014, Small filed his Second Amended Complaint.  (ECF No. 64.)

Movants seek dismissal of the First Amended Complaint and the Second Amended Complaint.  They argue that the First Amended Complaint and the Second Amended Complaint exceed the leave granted by the Court, that Small was not authorized to file a Second Amended Complaint, that the Second Amended Complaint contains excess allegations, and that Small asserts new, time-barred claims under Section 15.  Because Small seeks leave to file a Second Amended Complaint, the issues arising from the First Amended Complaint and the allegedly-unauthorized filing of the Second Amended Complaint are moot.

5

A. **Statute of Limitation**

Movants contend that, because the Second Amended Complaint asserts new Section 11 and 15 claims one year after the filing of the Complaint, the new claims are untimely.

On August 22, 2013, Small filed his original Complaint. (Compl., ECF No 1.) In his Complaint, Small asserted claims against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan. Small asserted no Section 15 claims against them, although he asserted Section 15 claims against other defendants. (Id. ¶¶ 460-510.) He asserted claims against Anthony, but Small asserted no Section 11 claims against Anthony, although Small asserted Section 11 claims against other defendants. (Id.)

In the Second Amended Complaint, Small asserts a claim under Section 11 against Anthony and claims under Section 15 against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan. Movants argue that those claims are time-barred.

Under Federal Rule of Civil Procedure 15, an amendment to a pleading relates back to the date of the original pleading when:

   (A)  the law that provides the applicable statute of limitations allows relation back;

   (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading; or

   (C)  the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the

6

>    period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>    (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>    (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15.

Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, Sullivan, and Anthony have had actual notice of this action since August 22, 2013, and they have had actual notice that the action included claims against them. Because Small asserted claims under Sections 11 and 15 in the original Complaint and seeks to add defendants to his existing claims, the amendment necessarily "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out-- in the original pleading." Fed. R. Civ. P. 15. The requirements of Rule 15 are satisfied and the claims relate back to the date of the original Complaint. Although the Second Amended Complaint will not be the operative complaint, to the extent Movants argue that the Section 11 claim against Anthony and the Section 15 claims against Morgan Keegan, Regions, MK Holding, MAM, Kelsoe, and Sullivan are time-barred because the claims would be added more than a year after the filing of the Complaint, the Motion is DENIED.

7

**B. Motion to Strike**

The Fund Defendants and the Individual Defendants move to strike the Seconded Amended Complaint because it contains "redundant, immaterial, impertinent, or scandalous" material.

On August 4, 2014, the Court dismissed several of Small's claims and authorized the filing of an amended complaint to pursue claims under Sections 11 and 15. Although Small excised the dismissed claims, he left allegations supporting them in the Second Amended Complaint. Movants contend that the supporting allegations are immaterial and that, because the allegations are numerous and spread across more than 131 pages, sifting through them to address the operative allegations would be unduly burdensome.

Movants' argument is well taken. By leaving vestigial allegations across more than 130 pages, Small's shortcut in amending the Complaint would place a heavy and undue burden on the Movants. Striking pleadings, however, is a "drastic remedy to be resorted to only when required for the purposes of justice," and that remedy would be inappropriate here. Brown, 201 F.3d at 822. The better course is to deny leave to amend by filing the Second Amended Complaint in its present form. The Motion for Leave is DENIED.

8

**C. Leave to File Amended Complaint**

The Court should freely give leave to amend when justice requires. Fed. R. Civ. P. 15. In its August 4, 2014 Order, the Court found that amending the Section 11 and Section 15 claims would not be futile and granted Small leave to file an amended complaint. (ECF No. 62.) For the same reason, the Court GRANTS Small leave to file an amended complaint to be styled the Third Amended Complaint.

**III. Conclusion**

For the foregoing reasons, the Motions to Dismiss and the Motion for Leave are DENIED. Small is GRANTED leave to file a Third Amended Complaint. The Third Amended Complaint may include only allegations relevant to Small's Section 11 and Section 15 claims.

So ordered this 23d day of July, 2015.

s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE