## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | |
|---|---|
| W. Thomas Small, Jr., | Case No. 13-2654-SHM |
| Plaintiff, | Judge Samuel H. Mays, Jr. |
| v. | Magistrate Judge Charmiane G. Claxton |
| RMK High Income Fund, Inc., RMK Strategic Income Fund, Inc., RMK Advantage Income Fund, Inc., and RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT RMK MULTI-SECTOR HIGH INCOME FUND, INC. TO PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| Defendants. | |

Defendant Helios Multi-Sector High Income Fund, Inc. (formerly RMK Multi-Sector High Income Fund, Inc., or "RHY"), by its undersigned counsel, hereby answers the Third Amended Complaint of plaintiff W. Thomas Small, Jr. ("Plaintiff") dated July 31, 2015.

### PRELIMINARY STATEMENT

Except as otherwise expressly admitted below, RHY denies each and every allegation of the Third Amended Complaint.  RHY denies any liability to Plaintiff and denies that Plaintiff is entitled to any relief.

### SPECIFIC DENIALS

1.     RHY denies the allegations set forth in paragraph 1 of the Third Amended Complaint, except it admits that Plaintiff purports to bring a claim against one of four closed-end mutual funds formerly associated with Defendant Regions Financial Corporation ("RFC").

1

2.      RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Third Amended Complaint except it admits that four closed-end mutual funds (the "Funds") formerly operated under the names referenced in paragraph 2.

3.      RHY denies the allegations set forth in paragraph 3 of the Third Amended Complaint, except it admits that the Funds formerly were offered under the "Regions Morgan Keegan" or "RMK" name.

4.      RHY denies the allegations set forth in paragraph 4 of the Third Amended Complaint, except it admits that the Third Amended Complaint purports to assert a claim for violations of Section 11 of the Securities Act against RHY.

5.      RHY denies the allegations set forth in paragraph 5 of the Third Amended Complaint.

6.      RHY denies the allegations set forth in paragraph 6 of the Third Amended Complaint, except it admits that, in January 2006, 27 million common shares of common shares of RHY were offered to the public at an initial public offering price of $15.00 per share through a group of underwriters led by Morgan Keegan & Company, Inc. ("Morgan Keegan").

7.      RHY denies the allegations set forth in paragraph 7 of the Third Amended Complaint, except it admits upon information and belief that the directors on the RHY board also served on the board of certain other funds.

8.      RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Third Amended Complaint.

9.      RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Third Amended Complaint.

10.     The allegations set forth in paragraph 10 of the Third Amended Complaint purport to state a conclusion of law and therefore require no response.  To the extent a response is required, RHY denies the allegations set forth in paragraph 10 of the Third Amended Complaint.

11.     RHY admits the allegations set forth in paragraph 11 of the Third Amended Complaint.

12.     The allegations set forth in paragraph 12 of the Third Amended Complaint purport to state a conclusion of law and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 12 of the Third Amended Complaint, and denies the allegations set forth in the second sentence of paragraph 12 of the Third Amended Complaint.

13.     RHY denies the allegations set forth in paragraph 13 of the Third Amended Complaint.

14.     RHY denies the allegations set forth in paragraph 14 of the Third Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's citizenship, residence, and purchases of shares of RHY, except avers that in a statement previously filed with the Court, Plaintiff has claimed that he first purchased shares of RHY on or about January 29, 2008.

15.     RHY denies the allegations set forth in paragraph 15 of the Third Amended Complaint, except it admits upon information and belief that RHY began trading on January 19, 2006 under the ticker symbol RHY on the NYSE, with its principal executive offices then

located at Morgan Keegan Tower, Fifty North Front Street, Memphis, Tennessee 38103, and was registered under the ICA as a diversified, closed-end management investment company.

16.     The allegations set forth in paragraph 16 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Third Amended Complaint.

17.     The allegations set forth in paragraph 17 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Third Amended Complaint.

18.     The allegations set forth in paragraph 18 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Third Amended Complaint, except it admits that Morgan Keegan was an underwriter in connection with RHY.

19.     The allegations set forth in paragraph 19 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Third Amended Complaint, except it admits that Morgan Asset Management, Inc. was a party to an Investment Advisory Agreement with RHY.

20.     The allegations set forth in paragraph 20 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set

forth in paragraph 20 of the Third Amended Complaint, except RHY denies that Defendant Kelsoe was an employee of RHY.

21.     The allegations set forth in paragraph 21 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Third Amended Complaint, except it admits upon information and belief that Defendant Carter E. Anthony was President and Chief Investment Officer of Morgan Asset Management, Inc., and respectfully refers to the RHY Registration Statement referenced in paragraph 21 for a complete and accurate description of its contents.

22.     The allegations set forth in paragraph 22 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22.

23.     The allegations set forth in paragraph 23 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Third Amended Complaint, and respectfully refers to RHY's Form N-2 Registration Statement dated November 15, 2005 for a complete and accurate description of its contents.

24.     The allegations set forth in paragraph 24 of the Third Amended Complaint are not directed at RHY and are not factual allegations and therefore require no response.

25.     The allegations set forth in paragraph 25 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY

denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third Amended Complaint, except it admits that Defendant Allen B. Morgan formerly was a member of the Funds' Board of Directors and a Director and Vice-Chairman of RFC, a Director of MAM, and Chairman of Morgan Keegan, and respectfully refers to the RHY Registration Statement for a complete and accurate description of its contents.

26.     The allegations set forth in paragraph 26 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Third Amended Complaint, except it admits that Defendant J. Kenneth Alderman was formerly a member of the Funds' Board of Directors, Chief Executive Officer of MAM, and Executive Vice President of RFC, and respectfully refers to the RHY Registration Statement for a complete and accurate description of its contents.

27.     The allegations set forth in paragraph 27 of the Third Amended Complaint are not directed at RHY and are not factual allegations and therefore require no response.

28.     RHY denies the allegations set forth in paragraph 28 of the Third Amended Complaint.

29.     The allegations set forth in paragraph 29 of the Third Amended Complaint purport to state a conclusion of law and therefore require no response.  To the extent a response is required, RHY denies the allegations set forth in paragraph 29 of the Third Amended Complaint

30.     The allegations set forth in paragraph 30 of the Third Amended Complaint purport to state a conclusion of law and therefore require no response.  To the extent a response

is required, RHY denies the allegations set forth in paragraph 30 of the Third Amended Complaint.

31.     The allegations set forth in paragraph 31 of the Third Amended Complaint purport to state a conclusion of law and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Third Amended Complaint, except it admits that RHY was a diversified, closed-end management investment company registered under the ICA, was authorized to issue one billion shares of capital stock with a $.0001 par value, that its common shares had no preemptive, conversion, exchange or redemption rights, that its common shares had equal voting, dividend, distribution and liquidation rights, and that at the time of offering RHY anticipated limiting its offering to 27,000,000 common shares.

32.     RHY admits the allegations set forth in paragraph 32 of the Third Amended Complaint, except avers that the referenced Registration Statement on Form N-2 was dated November 14, 2005 and that the referenced Pre-Effective Amendment No. 2 to the Registration Statement on Form N-2/A was dated January 18, 2006.  RHY respectfully refers to the documents Plaintiff collectively defines as the "RHY Registration Statement" for a complete and accurate description of their contents.

33.     RHY denies the allegations set forth in paragraph 33 of the Third Amended Complaint and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

34.     RHY denies the allegations set forth in paragraph 34 of the Third Amended Complaint and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

35.     RHY denies the allegations set forth in paragraph 35 of the Third Amended Complaint and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

36.     RHY denies the allegations set forth in paragraph 36 of the Third Amended Complaint and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

37.     RHY denies the allegations set forth in paragraph 37 of the Third Amended Complaint.

38.     RHY denies the allegations set forth in paragraph 38 of the Third Amended Complaint, except RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding what Plaintiff would or would not have done.

39.     RHY denies the allegations set forth in paragraph 39 of the Third Amended Complaint, except it admits that RHY filed Registration Statements and amended Registration Statements with the SEC on Form N-2 and N-2/A, filed Prospectuses with the SEC, filed separately Quarterly Schedules of Portfolio Holdings with the SEC on Form N-Q, filed "combined" Certified Semi-Annual Reports on Form N-CSRS, and Certified Annual Reports on Form N-CSR, and respectfully refers to these documents for a complete and accurate description of their contents.

40.     RHY denies the allegations set forth in paragraph 40 of the Third Amended Complaint, except it admits that RHY's fiscal year end was March 31 and that RHY employed PwC as their independent auditing firm until June 2008, after which BBD assumed PwC's responsibilities.

41.     RHY admits the allegations set forth in paragraph 41 of the Third Amended Complaint.  RHY respectfully refers to the agreement for a complete and accurate description of its contents.

42.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Third Amended Complaint.

43.     RHY denies the allegations set forth in paragraph 43 of the Third Amended Complaint, and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

44.      RHY denies the allegations in paragraph 44 of the Third Amended Complaint and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" and other SEC filings for a complete and accurate description of their contents.

45.     RHY denies the allegations in paragraph 45 of the Third Amended Complaint and respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" and other SEC filings for a complete and accurate description of their contents.

46.     RHY denies the allegations set forth in paragraph 46 of the Third Amended Complaint.

47.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 47 of the Third Amended Complaint.

48.     RHY denies the allegations set forth in paragraph 47 of the Third Amended Complaint.

49.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Third Amended Complaint.

50.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Third Amended Complaint, and respectfully refers to the SEC's SIC List for a complete and accurate description of its contents.

51.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Third Amended Complaint, and respectfully refers to the SEC's SIC List for a complete and accurate description of its contents.

52.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Third Amended Complaint, and respectfully refers to the PwC article and PwC website for a complete and accurate description of their contents.

53.     RHY denies the allegations set forth in paragraph 53 of the Third Amended Complaint, except respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

54.     RHY denies the allegations set forth in paragraph 54 of the Third Amended Complaint.

55.     RHY denies the allegations set forth in paragraph 55 of the Third Amended Complaint.

56.     RHY denies the allegations set forth in paragraph 56 of the Third Amended Complaint.

57.     RHY denies the allegations set forth in paragraph 57 of the Third Amended Complaint.

58.     RHY denies the allegations set forth in paragraph 58 of the Third Amended Complaint.

59.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Third Amended Complaint.

60.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Third Amended Complaint.

61.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 61 of the Third Amended Complaint.

62.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 62 of the Third Amended Complaint.

63.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 63 of the Third Amended Complaint.

64.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Third Amended Complaint.

65.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Third Amended Complaint.

66.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Third Amended Complaint.

67.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Third Amended Complaint.

68.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Third Amended Complaint.

69.     RHY denies the allegations set forth in paragraph 69 of the Third Amended Complaint.

70.     RHY denies the allegations set forth in paragraph 70 of the Third Amended Complaint.

71.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 of the Third Amended Complaint.

72.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 of the Third Amended Complaint.

73.     RHY denies the allegations set forth in paragraph 73 of the Third Amended Complaint.

74.     RHY denies the allegations set forth in paragraph 74 of the Third Amended Complaint.

75.     RHY denies the allegations set forth in paragraph 75 of the Third Amended Complaint, except it denies knowledge or information sufficient to form a belief that Defendant Kelsoe was an employee of Morgan Asset Management and Morgan Keegan, Inc.

76.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 76 of the Third Amended Complaint.

77.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 of the Third Amended Complaint.

78.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 78 of the Third Amended Complaint.

79.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Third Amended Complaint.

80.   The allegations set forth in paragraph 80 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies the allegations set forth in paragraph 80 of the Third Amended Complaint.

81.   RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 of the Third Amended Complaint, except respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

82.   RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 82 of the Third Amended Complaint, except respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

83.   RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 83 of the Third Amended Complaint, except RHY denies that Kelsoe was an employee of RHY.

84.   RHY denies the allegations set forth in paragraph 84 of the Third Amended Complaint.

85.   RHY denies the allegations set forth in paragraph 85 of the Third Amended Complaint

86.   RHY denies the allegations set forth in paragraph 86 of the Third Amended Complaint.

87.   RHY denies the allegations set forth in paragraph 87 of the Third Amended Complaint.

88.     RHY denies the allegations set forth in paragraph 88 of the Third Amended Complaint.

89.     RHY denies the allegations set forth in paragraph 89 of the Third Amended Complaint, except RHY denies knowledge or information sufficient to form a belief as to the scope of diligence exercised by Plaintiff.

90.     RHY denies the allegations set forth in paragraph 90 of the Third Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations as to what Plaintiff read and when.

91.     RHY denies the allegations set forth in paragraph 91 of the Third Amended Complaint.

92.     RHY denies the allegations set forth in paragraph 92 of the Third Amended Complaint.

93.     RHY denies the allegations set forth in paragraph 93 of the Third Amended Complaint.

94.     RHY denies the allegations set forth in paragraph 94 of the Third Amended Complaint.

95.     RHY denies the allegations set forth in paragraph 95 of the Third Amended Complaint, and respectfully refers to the actions referenced for a complete and accurate description of their contents.

96.     RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 96 of the Third Amended Complaint, except it admits that the Consolidated Class Action was certified and dismissed on or about August 6, 2013.

97.     RHY denies the allegations set forth in paragraph 97 of the Third Amended Complaint.  RHY avers further that this Court has recently held in *Adkins v. Regions Morgan Keegan Select High Income Fund, Inc.*, *et al.*, 2:13-cv-02843-SHM-dkv, at Dkt. 35, that tolling under *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) does not apply with respect to a statute of repose.

98.     RHY denies the allegations set forth in paragraph 98 of the Third Amended Complaint.

99.     RHY denies the allegations set forth in paragraph 99 of the Third Amended Complaint.

100.    RHY denies the allegations set forth in paragraph 100 of the Third Amended Complaint, except admits that RHY contends the action is time barred, including by the statute of repose.

101.    RHY denies the allegations set forth in paragraph 101 of the Third Amended Complaint.

102.    RHY denies the allegations set forth in paragraph 102 of the Third Amended Complaint.

103.    RHY denies the allegations set forth in paragraph 103 of the Third Amended Complaint.

104.    RHY denies the allegations set forth in paragraph 104 of the Third Amended Complaint.

105.    RHY denies the allegations set forth in paragraph 105 of the Third Amended Complaint.

106.    RHY denies the allegations set forth in paragraph 106 of the Third Amended Complaint.

107.    RHY denies the allegations set forth in paragraph 107 of the Third Amended Complaint.

108.    RHY respectfully repeats and realleges each and every response to Plaintiff's allegations above as if fully set forth herein.

109.    RHY denies the allegations set forth in paragraph 109 of the Third Amended Complaint, except it admits that Plaintiff purports to bring such a claim against RHY.

110.    RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 110 of the Third Amended Complaint.

111.    RHY admits the allegations set forth in paragraph 111 of the Third Amended Complaint.

112.    RHY denies the allegations set forth in paragraph 112 of the Third Amended Complaint, except admits that Morgan Keegan was an underwriter in connection with the RHY Registration Statement.

113.    RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 113 of the Third Amended Complaint, except respectfully refers to the documents Plaintiff collectively defines in paragraph 32 as the "RHY Registration Statement" for a complete and accurate description of their contents.

114.    RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 114 of the Third Amended Complaint.

115.    RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Third Amended Complaint.

116.    RHY denies the allegations set forth in paragraph 116 of the Third Amended Complaint.

117.    RHY denies the allegations set forth in paragraph 117 of the Third Amended Complaint.

118.    The allegations set forth in paragraph 118 of the Third Amended Complaint are not directed at RHY and therefore require no response.

119.    The allegations set forth in paragraph 119 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Third Amended Complaint, except denies any implication that there were material misstatements or omissions attributable to RHY.

120.    The allegations set forth in paragraph 120 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Third Amended Complaint, except denies any implication that there were material misstatements or omissions attributable to RHY.

121.    RHY denies the allegations set forth in paragraph 121 of the Third Amended Complaint.

122.    RHY denies the allegations set forth in paragraph 122 of the Third Amended Complaint.

123.    RHY denies the allegations set forth in paragraph 123 of the Third Amended Complaint.

124.     RHY respectfully repeats and realleges each and every response to Plaintiff's allegations above as if fully set forth herein.

125.     The allegations set forth in paragraph 125 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies the allegations set forth in paragraph 125 of the Third Amended Complaint.

126.     RHY denies the allegations set forth in paragraph 126 of the Third Amended Complaint.

127.     The allegations set forth in paragraph 127 of the Third Amended Complaint are not directed at RHY and therefore require no response.

128.     The allegations set forth in paragraph 128 of the Third Amended Complaint are not directed at RHY and therefore require no response.

129.     The allegations set forth in paragraph 129 of the Third Amended Complaint are not directed at RHY and therefore require no response.

130.     The allegations set forth in paragraph 130 of the Third Amended Complaint are not directed at RHY and therefore require no response.

131.     The allegations set forth in paragraph 131 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies the allegations set forth in paragraph 131 of the Third Amended Complaint.

132.     The allegations set forth in paragraph 132 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies the allegations set forth in paragraph 132 of the Third Amended Complaint.

133.     RHY denies the allegations set forth in paragraph 133 of the Third Amended Complaint.

134.     RHY denies the allegations set forth in paragraph 134 of the Third Amended Complaint.

135.     The allegations set forth in paragraph 135 of the Third Amended Complaint are not directed at RHY and therefore require no response.  To the extent a response is required, RHY denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 of the Third Amended Complaint, except denies any implication that there were material misstatements or omissions attributable to RHY.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Third Amended Complaint RHY, without conceding that it bears the burden of proof as to any of the following issues, and while reserving the right to assert additional or different defenses based upon additional evidence developed in discovery or otherwise, alleges as follows:

### First Affirmative Defense

The Third Amended Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of repose.

### Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because the depreciation in the market price of RHY and any losses allegedly suffered by Plaintiff were not caused by the alleged misstatements and omissions alleged in the Third Amended Complaint.

## Fifth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff did not reasonably rely on the statements in the Third Amended Complaint that were alleged to be materially false or misleading when made.

## Sixth Affirmative Defense

Plaintiff is barred from claiming injury and damages, if any, because Plaintiff failed to make reasonable efforts to mitigate such injury or damage.

## Seventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff knew, or in the exercise of reasonable care should have known, of any alleged untruths, misrepresentations or omissions in the Third Amended Complaint.

## Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that some or all of the matters claimed in the Third Amended Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public domain.

## Ninth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that liability cannot be established because RHY was not the maker of the statement attributed to it.

## Tenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff did not reasonably rely on the alleged misrepresentations and omissions. Plaintiff first invested in RHY on January 29, 2008, and in its August 4, 2014 Order, this Court found that Plaintiff failed to plead reasonable reliance in connection with Fund purchases commencing October 2, 2007.

## Eleventh Affirmative Defense

Plaintiff's claims are barred in whole or in part because the alleged losses resulted from factors other than the alleged misstatements or omissions alleged in the Third Amended Complaint.

## Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part because of the lack of transaction causation.

## Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part for lack of loss causation.

## Fourteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by Plaintiff's own actions, omissions and/or negligence.

## Fifteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent the alleged damages or loss were caused by the acts or omissions of Plaintiff or others over which RHY had no control.

## Sixteenth Affirmative Defense

The purported untrue statements, omissions of fact or misleading statements alleged in the Third Amended Complaint to have been made by RHY or for which RHY is alleged to be liable were not material to the investment decisions of a reasonable investor.

## Seventeenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff had actual or constructive knowledge of the acts and omissions complained of, therefore assuming the risk of any alleged damages proximately caused thereby.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff has failed to allege, and has not suffered, any cognizable injury attributable, in whole or in part, to any acts or omissions by RHY.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff first purchased RHY on or about January 29, 2008, and did not reasonably rely on the Registration Statement.

### Twentieth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent Plaintiff has not suffered a loss cognizable under Section 11 of the Securities Act.

### Twenty-First Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent any alleged misrepresentations were forward looking statements.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred in whole or in part pursuant to the common law bespeaks caution doctrine because any alleged misrepresentations contained sufficient cautionary language and risk disclosure.

### Twenty-Third Affirmative Defense

Plaintiff's claims are barred in whole or in part by the comparative or contributory fault of Plaintiff or other parties or third-parties.

### Twenty-Fourth Affirmative Defense

Plaintiff's claims are barred by the doctrines of waiver, estoppel, and ratification.

### Twenty-Fifth Affirmative Defense

Plaintiff lacks standing to bring his claims.

### Twenty-Sixth Affirmative Defense

Plaintiff's claims constitute derivative claims and should be dismissed because Plaintiff has not asserted such claims in a derivative capacity.

### Twenty-Seventh Affirmative Defense

Plaintiff's claims against RHY are barred because RHY acted in good faith.

### Twenty-Eighth Affirmative Defense

Plaintiff has not pled his fraud claims with the requisite particularity.

### Twenty-Ninth Affirmative Defense

RHY incorporates by reference all affirmative and other defenses pled by any other defendant to the extent that the defenses are not set forth herein and are not inconsistent with RHY's defenses.

### Thirtieth Affirmative Defense

RHY reserves the right, pending the completion of discovery or otherwise, to assert any additional defenses that might exist.

Dated this 28th day of August, 2015

By: _____/s/Kevin C. Logue_____
Kevin C. Logue (2048460)
Kevin P. Broughel (4242418)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel: (212) 318-6000
Fax: (212) 319-4090
E-mail: kevinlogue@paulhastings.com

*Counsel for Defendants
Helios Advantage Income Fund, Inc.,
Helios High Income Fund, Inc., Helios
Multi-Sector High Income Fund, Inc.,
and Helios Strategic Income Fund, Inc.
(formerly RMK Advantage Income
Fund, Inc., RMK High Income Fund,
Inc., RMK Multi-Sector High Income
Fund, Inc., and RMK Strategic Income
Fund, Inc., respectively)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 28, 2015, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants:

**James A. Dunlap , Jr.**
JAMES A. DUNLAP, JR. & ASSOCIATES, LLC
310 Windsor Gate Cove, NE
Atlanta, GA 30342
404-354-2363
Email: jim@jamesdunlaplaw.com

**Laura S. Martin**
HARRIS SHELTON HANOVER WALSH, PLLC.
One Commerce Square
Suite 2700
Memphis, TN 38103
901-525-1455
Fax: 901-526-4084
Email: lmartin@harrisshelton.com

**Christopher S. Campbell**
HARRIS SHELTON DUNLAP COBB & RYDER
One Commerce Square
Ste. 2700
Memphis, TN 38103
901-525-1455
Email: ccampbell@harrisshelton.com

**Peter S. Fruin**
MAYNARD COOPER & GALE, PC
AmSouth/ Harbert Plaza
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203-2602
205-254-1068
Fax: 205-254-1999
Email: pfruin@maynardcooper.com

**R. Harold Meeks , Jr.**
JAMES BATES BRANNAN GROVER LLP
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, GA 30326
404-997-6020
Fax: 404-997-6021
Email: hmeeks@jamesbatesllp.com


By:_____/s/Kevin C. Logue_____
    Kevin C. Logue (2048460)
    Kevin P. Broughel (4242418)
    PAUL HASTINGS LLP
    75 East 55th Street
    New York, NY 10022
    Tel: (212) 318-6000
    Fax: (212) 319-4090
    E-mail: kevinlogue@paulhastings.com

    *Counsel for Defendants*
    *Helios Advantage Income Fund, Inc., Helios*
    *High Income Fund, Inc., Helios Multi-Sector*
    *High Income Fund, Inc., and Helios*
    *Strategic Income Fund, Inc. (formerly RMK*
    *Advantage Income Fund, Inc., RMK High*
    *Income Fund, Inc., RMK Multi-Sector High*
    *Income Fund, Inc., and RMK Strategic*
    *Income Fund, Inc., respectively)*

LEGAL_US_E # 116250286