IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE REGIONS MORGAN KEEGAN SECURITIES, DERIVATIVE & ERISA LITIGATION, | CASE NO. 2:09-md-2009 |
| W. Thomas Small, Jr., <br>     Plaintiff, <br> v. <br> RMK Multi-Sector High Income Fund, Inc., Morgan Keegan & Company, Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Carter E. Anthony, Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman, <br>     Defendants. | Case No. 2:13-cv-02654 |

DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S THIRD AMENDED COMPLAINT

Defendants Morgan Keegan & Co., Inc. ("Morgan Keegan"), Regions Financial Corporation ("Regions"), MK Holding, Inc. ("MK Holding"), Morgan Asset Management, Inc. ("MAM"), James C. Kelsoe, Jr. ("Kelsoe"), Brian B. Sullivan ("Sullivan"), Joseph Thompson Weller ("Weller"), Allen B. Morgan ("Morgan"), and J. Kenneth Alderman ("Alderman") (collectively "Defendants") respectfully submit this Answer to Plaintiff's Third Amended Complaint.

1. Defendants deny the allegations contained in Paragraph 1.

2. Paragraph 2 is a definitional paragraph that requires no response. To the extent a response is required, it is denied.

3. Defendants deny the allegations contained in Paragraph 3.

4. Defendants deny the allegations contained in Paragraph 4.

03354382.2

5. Defendants deny the allegations contained in Paragraph 5.

6. Defendants deny the allegations contained in Paragraph 6.

7. Defendants deny the allegations contained in Paragraph 7.

8. Defendants deny the allegations contained in Paragraph 8.

9. Defendants deny the allegations contained in Paragraph 9.

10. Paragraph 10 purports to state a conclusion of law and therefore requires no response. To the extent a response is required, it is denied.

11. Paragraph 11 purports to state a conclusion of law and therefore requires no response. Defendants do not dispute subject matter jurisdiction.

12. Defendants deny the allegations contained in Paragraph 12.

13. Defendants deny the allegations contained in Paragraph 13.

14. Defendants deny the allegations contained in Paragraph 14.

15. Defendants deny the allegations contained in Paragraph 15.

16. Defendants deny the allegations contained in Paragraph 16.

17. Defendants deny the allegations contained in Paragraph 17.

18. Defendants deny the allegations contained in Paragraph 18.

19. Defendants deny the allegations contained in Paragraph 19.

20. Defendants deny the allegations contained in Paragraph 20.

21. Defendants deny the allegations contained in Paragraph 21.

22. Defendants deny the allegations contained in Paragraph 22.

23. Defendants deny the allegations contained in Paragraph 23.

24. Paragraph 24 is a definitional paragraph that requires no response. To the extent a response is required, it is denied.

25. Admitted.

26. Defendants deny the allegations contained in Paragraph 26.

27. Paragraph 27 is a definitional paragraph that requires no response. To the extent a response is required, it is denied.

28. Defendants deny the allegations contained in Paragraph 28.

29. Paragraph 29 purports to state a conclusion of law and therefore requires no response. To the extent a response is required, it is denied.

30. Paragraph 30 purports to state a conclusion of law and therefore requires no response. To the extent a response is required, it is denied.

31. Admitted.

32. Defendants deny the allegations contained in Paragraph 32.

33. Defendants deny the allegations contained in Paragraph 33. Defendants state that the documents speak for themselves.

34. Defendants deny the allegations contained in Paragraph 34. Defendants state that the documents speak for themselves.

35. Defendants deny the allegations contained in Paragraph 35.

36. Defendants deny the allegations contained in Paragraph 36.

37. Defendants deny the allegations contained in Paragraph 37.

38. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 38; therefore, it is denied.

39. Defendants deny the allegations contained in Paragraph 39.

40. Defendants deny the allegations contained in Paragraph 40.

41. Admitted.

42. Defendants deny the allegations contained in Paragraph 42.

43. Defendants deny the allegations contained in Paragraph 43.

44. Defendants deny the allegations contained in Paragraph 44.

45. Defendants deny the allegations contained in Paragraph 45.

46. Defendants deny the allegations contained in Paragraph 46.

47. Defendants deny the allegations contained in Paragraph 47.

48. Defendants deny the allegations contained in Paragraph 48.

49. Defendants deny the allegations contained in Paragraph 49.

50. Defendants deny the allegations contained in Paragraph 50.

51. Defendants deny the allegations contained in Paragraph 51.

52. Defendants deny the allegations contained in Paragraph 52.

53. Defendants deny the allegations contained in Paragraph 53.

54. Defendants deny the allegations contained in Paragraph 54.

55. Defendants deny the allegations contained in Paragraph 55.

56. Defendants deny the allegations contained in Paragraph 56.

57. Defendants deny the allegations contained in Paragraph 57

58. Defendants deny the allegations contained in Paragraph 58.

59. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 59; therefore, it is denied.

60. Admitted.

61. Admitted.

62. Admitted.

63. Defendants deny the allegations contained in Paragraph 63 to the extent they are argumentative, but admit the factual information is accurate.

64. Admitted.

65. Admitted.

66. Defendants deny the allegations contained in Paragraph 66.

67. Admitted.

68. Admitted.

69. Defendants deny the allegations contained in Paragraph 69.

70. Defendants deny the allegations contained in Paragraph 70.

71. Defendants deny the allegations contained in Paragraph 71.

72. Defendants deny the allegations contained in Paragraph 72.

73. Defendants deny the allegations contained in Paragraph 73.

74. Defendants deny the allegations contained in Paragraph 74.

75. Defendants deny the allegations contained in Paragraph 75.

76. Defendants deny the allegations contained in Paragraph 76.

77. Admitted.

78. Defendants deny the allegations contained in Paragraph 78.

79. Defendants deny the allegations contained in Paragraph 79.

80. Defendants deny the allegations contained in Paragraph 80.

81. Admitted.

82. Admitted.

83. Defendants deny the allegations contained in Paragraph 83.

84. Defendants deny the allegations contained in Paragraph 84.

85. Defendants deny the allegations contained in Paragraph 85.

86. Defendants deny the allegations contained in Paragraph 86.

87. Defendants deny the allegations contained in Paragraph 87.

88. Defendants deny the allegations contained in Paragraph 88.

89. Defendants deny the allegations contained in Paragraph 89.

90. Defendants lack sufficient information to form a belief as to the truth of the allegations in paragraph 90; therefore, it is denied. Defendants further demand strict proof thereof.

91. Defendants deny the allegations contained in Paragraph 91.

92. Defendants deny the allegations contained in Paragraph 92.

93. Defendants deny the allegations contained in Paragraph 93.

94. Defendants deny the allegations contained in Paragraph 94.

95. Defendants deny the allegations contained in Paragraph 95.

96. Admitted.

97. Paragraph 97 purports to state a conclusion of law; therefore, no response is required. To the extent a response is required, it is denied.

98. Paragraph 98 purports to state a conclusion of law; therefore, no response is required. To the extent a response is required, it is denied.

99. Defendants deny the allegations contained in Paragraph 99.

100. Defendants deny the allegations contained in Paragraph 100, except that Defendants admit that the claims are time barred.

101. Defendants deny the allegations contained in Paragraph 101.

102. Defendants deny the allegations contained in Paragraph 102.

103. Defendants deny the allegations contained in Paragraph 103.

104. Defendants deny the allegations contained in Paragraph 104.

105. Defendants deny the allegations contained in Paragraph 105.

106. Defendants deny the allegations contained in Paragraph 106.

107. Defendants deny the allegations contained in Paragraph 107.

108. Defendants repeat and reallege each and every response to Plaintiff's allegations above as if fully set forth herein.

109. Paragraph 109 of the Third Amended Complaint is a definitional paragraph to which no response is required. To the extent a response is required, Defendants deny the allegations set forth in paragraph 109.

110. Defendants are without sufficient information or belief to admit or deny the allegations in paragraph 110; therefore it is denied.

111. Admitted.

112. Defendants deny the allegations contained in Paragraph 112, except admit that Morgan Keegan was an underwriter in connection with the RHY Registration Statement.

113. Admitted.

114. Admitted.

115. Defendants deny the allegations contained in Paragraph 115.

116. Defendants deny the allegations contained in Paragraph 116.

117. Defendants deny the allegations contained in Paragraph 117.

118. Paragraph 118 purports to state a conclusion of law; therefore, no response is required. To the extent a response is required, it is denied.

119. Defendants deny the allegations contained in Paragraph 119.

120. Defendants deny the allegations contained in Paragraph 120.

121. Defendants deny the allegations contained in Paragraph 121.

122. Defendants deny the allegations contained in Paragraph 122.

123. Defendants deny the allegations contained in Paragraph 123.

124. Defendants repeat and reallege each and every response to Plaintiff's allegations above as if fully set forth herein.

125. Defendants deny the allegations contained in Paragraph 125

126. Defendants deny the allegations contained in Paragraph 126.

127. Defendants deny the allegations contained in Paragraph 127.

128. Defendants deny the allegations contained in Paragraph 128.

129. Defendants deny the allegations contained in Paragraph 129.

130. Defendants deny the allegations contained in Paragraph 130.

131. Defendants deny the allegations contained in Paragraph 131.

132. Defendants deny the allegations contained in Paragraph 132.

133. Defendants deny the allegations contained in Paragraph 133.

134. Defendants deny the allegations contained in Paragraph 134.

135. Defendants deny the allegations contained in Paragraph 135.

## **PRAYER FOR RELIEF**

Defendants deny each and every allegation contained in the Third Amended Complaint under the heading "Prayer for Relief." Defendants deny that Plaintiff is entitled to any of the requested relief contained in paragraphs A-K of the Prayer for Relief or to any other relief. Defendants further state that the Third Amended Complaint should be dismissed.

## GENERAL DENIAL

Defendants hereby deny any and all remaining allegations contained in the Third Amended Complaint that are not expressly admitted or otherwise addressed in the foregoing responses.

## AFFIRMATIVE DEFENSES

Without assuming any burden of proof that they would not otherwise bear, the Defendants assert the following defenses:

### First Defense

The Third Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

Plaintiff's claims are barred in whole or in part because the information Plaintiff claims Defendants failed to disclose was publicly available information contained in the Funds' registration statements, SEC filings, or other public disclosures, or because Defendants otherwise had no duty to disclose this information under the federal securities laws.

### Third Defense

Plaintiff's claims are barred in whole or in part because the information Plaintiff claims Defendants failed to disclose was not material.

### Fourth Defense

Plaintiff's claims are or may be barred by the one-year statute of limitations applicable to claims under the Securities Act of 1933. Plaintiff was on notice or aware of facts allegedly giving rise to a claim for relief more than one year prior to filing suit. For example, the information which he alleges to have been misrepresented or omitted was in fact disclosed to

him in the Fund's registration statement, SEC Filings, or other public disclosures more than a year prior to bringing this Action, or was otherwise a matter of public record.

**Fifth Defense**

Plaintiff's claims are or may be barred by the three-year statute of repose applicable to claims under the Securities Act of 1933.

**Sixth Defense**

Plaintiff's claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), at the time Plaintiff acquired the securities in question, Plaintiff knew of the alleged untruths or omissions that form the basis of this Action. For example, much of the information allegedly misrepresented or omitted was in fact accurately disclosed to investors in the Fund's registration statement, SEC filings, and other public disclosures, or otherwise was a matter of public record.

**Seventh Defense**

Plaintiff's claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(a), part or all of Plaintiff's damages were caused by external market factors and not an alleged misrepresentation or omission for which Defendants are responsible. Specifically, the global credit and financial crisis that affected the securities market from mid to late 2007 until 2009 caused a widespread price decline in all securities, including the fixed income securities in which the Fund invested. The financial crisis, which was the worst since the Great Depression, caused Plaintiff's losses—not any alleged misconduct by Defendants.

**Eighth Defense**

Plaintiff's claims are barred in whole or in part because, within the meaning of 15 U.S.C. § 77k(b), Defendants and/or any defendant for whose actions Plaintiff seeks to impose liability

on Defendants, had, after reasonable investigation, reasonable grounds to believe, and did believe, at the time that the registration statements in question became effective, that the statements therein were true and that there was no omission to state a material fact required to be stated therein or necessary to make the statements therein not misleading.

### Ninth Defense

Plaintiff's claims under 15 U.S.C. §§ 77l(2) and 77o are barred in whole or in part because Defendants did not know, and in the exercise of reasonable care could not have known, of any untruth or material omission in the Fund's registration statement.

### Tenth Defense

Plaintiff's claims are barred in whole or in part because Plaintiff's losses were caused by intervening and/or superceding factors for which Defendants are not responsible. Specifically, the global credit and financial crisis that affected the securities market from mid to late 2007 until 2009 caused a widespread price decline in all securities, including the fixed income securities in which the Fund invested. The financial crisis, which was the worst since the Great Depression, caused Plaintiff's losses—not any alleged misconduct by Defendants.

### Eleventh Defense

Plaintiff's claims against Defendants are barred in whole or in part because Plaintiff has not mitigated his damages.

### Twelfth Defense

The alleged damages sought in this action were caused, in whole or in part, by Plaintiff.

### Thirteenth Defense

The alleged damages sought in this action were caused, in whole or in part, by the conduct of third parties over which the Defendants had no control.

### Fourteenth Defense

Plaintiff's alleged damages, if any, were proximately caused by independent intervening or superseding events beyond the control and unrelated to any conduct of the Defendants.

### Fifteenth Defense

Plaintiff's claims are barred by applicable statutes of limitations, statutes of repose, and or laches.

### Sixteenth Defense

Plaintiff's claims against Defendants are barred by the doctrines of waiver, estoppel, and ratification.

### Seventeenth Defense

Plaintiff lacks standing to bring his claims.

### Eighteenth Defense

Plaintiff's claims constitute derivative claims and should be dismissed because Plaintiff has not asserted such claims in a derivative capacity.

### Nineteenth Defense

Plaintiff's claims against the Defendants are barred because the Defendants acted in good faith.

### Twentieth Defense

Defendants acted in good faith conformity with applicable SEC rules, regulations, and orders, and therefore are not subject to liability under the federal securities laws.

### Twenty-First Defense

Plaintiff's claims are barred in whole or part by Plaintiff's failure to join necessary and/or indispensable parties.

### Twenty-Second Defense

Plaintiff has not pled his fraud claims with the requisite particularity.

### Twenty-Third Defense

Plaintiff's claims are barred in whole or in part because Plaintiff did not reasonably rely on the alleged misrepresentations or omissions.

### Twenty-Fourth Defense

Plaintiff's claims are barred in whole or in part because Defendants were not the makers of the alleged misrepresentations or omissions.

### Twenty-Fifth Defense

Plaintiff's claims are barred in whole or in part for the lack of transaction causation.

### Twenty-Sixth Defense

Plaintiff's claims are barred in whole or in part for the lack of loss causation.

### Twenty-Seventh Defense

Plaintiff's claims are barred in whole or in part to the extent any alleged misrepresentations were forward looking statements.

### Twenty-Eighth Defense

Plaintiff's claims are barred in whole or in part by the bespeaks caution doctrine.

### Twenty-Ninth Defense

Plaintiff's claims are barred in whole or in part by the comparative or contributory fault of Plaintiff or other parties or third-parties.

### Thirtieth Defense

Defendants herein adopt each of the Affirmative and/or Additional Defenses pleaded by the other answering Defendants to the extent such defenses operate to exculpate Defendants from

liability or damage and to the extent such defenses are not inconsistent with, and are applicable to Defendants. Defendants reserve the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing averments in the Third Amended Complaint have not been expressly admitted or denied, they are hereby denied.

**WHEREFORE**, having fully answered Plaintiff's Third Amended Complaint in this action, Defendants respectfully request: (i) that said Third Amended Complaint be dismissed in its entirety; (ii) that the Court enter a judgment in favor of Defendants and against Plaintiff; (iii) an award to Defendants of their costs, including discretionary costs, and attorneys' fees; and (iv) such other relief as the Court deems just and proper.

Respectfully submitted this 28th day of August, 2015.

*s/ Peter S. Fruin*
Peter S. Fruin
Kathryn R. Eldridge
Kathryn J. Bushby

**MAYNARD, COOPER & GALE, P.C.**
1901 Sixth Avenue North
2400 Regions/Harbert Plaza
Birmingham, Alabama 35203-2602
(205) 254-1000
(205) 254-1999 (fax)
pfruin@maynardcooper.com
keldridge@maynardcooper.com
kbushby@maynardcooper.com

Counsel for Defendants
Morgan Keegan & Co., Inc., Regions Financial Corporation, MK Holding, Inc., Morgan Asset Management, Inc., James C. Kelsoe, Jr., Brian B. Sullivan, Joseph Thompson Weller, Allen B. Morgan, and J. Kenneth Alderman

**OF COUNSEL:**

Michael A. Brady
**BASS, BERRY & SIMS PLC**
The Tower at Peabody Place
100 Peabody Place
Memphis, Tennessee 38103
(901) 543-5900
(901) 543-5999 (fax)
mbrady@bassberry.com

# CERTIFICATE OF SERVICE

    The undersigned attorney hereby certifies that on August 28, 2015 a true and correct copy of the foregoing document was forwarded by electronic means through the Court's ECF System upon the following:

Christopher S. Campbell
Laura S. Martin
**HARRIS SHELTON HANOVER WALSH, PLLC**
One Commerce Square Building
40 S. Main Street, Suite 2700
Memphis, Tennessee 38103
(901) 525-1455
(901) 526-4086 (fax)
ccampbell@harrisshelton.com
lmartin@harrisshelton.com

James A. Dunlap, Jr.
**JAMES A. DUNLAP JR. & ASSOCIATES LLC**
310 Windsor Gate Cove NE
Atlanta, Georgia 30342
(404) 354-2363
(404) 745-0195 (fax)
jim@jamesdunlaplaw.com

*Counsel for Plaintiffs*


Kevin C. Logue
Kevin P. Broughel
**PAUL HASTINGS LLP**
75 East 55th Street
New York, New York 10022
(212) 318-6039
(212) 230-7620 (fax)
kevinlogue@paulhastings.com
kevinbroughel@paulhastings.com

*Counsel for Defendant RMK Multi-Sector High Income Fund, Inc.*

R. Harold Meeks , Jr.
**JAMES BATES BRANNAN GROVER LLP**
The Lenox Building
3339 Peachtree Road NE
Suite 1700
Atlanta, Georgia 30326
(404) 997-6020
(404) 997-6021 (fax)
hmeeks@jamesbatesllp.com

*Counsel for Defendant Carter E. Anthony*

    *s/ Peter S. Fruin*
    OF COUNSEL